## Bank of the United States *against* Thayer.
## Same *against* Lockhart.*

The Act of 28th March 1835, establishing the affidavit system in the District Court, applies to an action on a bank note, in which the plaintiff seeks to recover the amount, with twelve per cent. interest, for refusal to pay on demand at the banking-house.

If averments, beyond the instrument of which a copy is filed, are set forth by the plaintiff in a statement or memorandum, the defendant may deny them in his affidavit; if not denied, they are admitted.

If the averment is obscure, on the defendant's pointing it out, the plaintiff may amend.

In a suit on a note the court may give judgment for the plaintiff by default for want of a sufficient affidavit of defence, without requiring the plaintiff to surrender the note, and assess the damages without writ of inquiry.

ERROR to the District Court for the city and county of *Philadelphia,* in these and a number of other cases depending on the same principles, in which the court below rendered judgment for the defendants in error, respectively, who were plaintiffs below, against the bank.

They were actions on the case instituted by summons issued in the spring and summer of 1840. Some were brought on promissory notes of the defendants, payable at no fixed date, commonly called bank notes; others on post notes, payable at certain periods after date; a few to bearer, but chiefly to order, and endorsed by the payee. Copies of them were filed by the plaintiff in each case under the second section of the Act of 28th of March 1835, concerning affidavits of defence, accompanied by memoranda signed by the plaintiff's attorneys, of various forms and different degrees of particularity, of which the following are examples:

Thayer
*v.*
Bank U. S.
} The enclosed are copies of the several notes of defendants upon which the above action is brought, all of which, amounting to the sum of $18,000, were presented and payment refused by the bank, and were duly protested as follows:

Lockhart
*v.*
Bank U. S.
} N. B. The above mentioned and copied notes were duly presented to and at the said bank during banking hours on the 25th day of January 1840, and demand of payment thereof was then and there made of the said bank, and of the proper offi-

---

* See these cases reported 6 *Whart.* 585.

[Bank United States v. Thayer.]

cer thereof, and the said bank and its said proper officer did then and there neglect and refuse to pay each and every of the said notes, and the plaintiff (the holder thereof) doth therefore claim, in addition the amount specified in the said notes, interest thereon at the rate of 12 per cent. a year from the said 25th day of January 1840, until the said notes, or the judgment which may be entered thereon in this suit, shall be fully paid and satisfied.

The defendants in each case filed affidavits of defence of the following forms:

Affidavit of defence in cases which were in whole or in part on *bank notes* payable to bearer.

Alexander Lardner, acting cashier of the Bank of the United States, being duly sworn says, that defendants have a defence to the plaintiff's demand for interest. The nature and character of which are, that interest is in no case chargeable against them at a higher rate than six per cent. per annum; nor at that rate except from the time when the paper sued on, according to what appears upon its face, became due and payable, and that if any extrinsic matter be relied on therefor, the same, if true, should be duly proved hereafter, and is not to be assumed upon any application for judgment for want of an affidavit of defence. Also, that the fees and charges for notarial protests, if claimed, are not recoverable. That upon their notes payable to bearer on demand, there can be no judgment against defendants for want of an affidavit of defence, for more than the principal, without any interest for the time before suit brought. In regard to all the notes sued on, they object to judgment being entered for any amount without the production by plaintiff of the said notes at the time of moving therefor, and the deposit of them in a place of safe custody under the direction of the court.

A. LARDNER, Acting Cashier.

Sworn and subscribed 23d May 1840, before me,

JOHN THOMPSON, Alderman.

Affidavit of defence in certain of the cases in which plaintiff's claim was exclusively on post notes.

Alexander Lardner, cashier of defendants, on his oath says, that they have a defence to the demand of the plaintiff, if he should make any demand for interest beyond the rate of six per cent. per annum, in this, that they are not liable for any such excess of interest beyond six per cent., and they suggest that the case is not for any purpose within the provisions of the Act of the legislature, establishing this court, or supplements thereto, on the subject of judgments for want of an affidavit of defence, because the operation of said Acts, as regards the notes of the defendants, is repealed or suspended until the 15th day of January next.

A. LARDNER, Cashier.

Sworn and subscribed this 24th day of July 1840, before me,
                                        JOEL COOK, Alderman.

Affidavit of defence in other cases where the plaintiff's claim
was exclusively on post notes.

Alexander Lardner, second assistant cashier of the Bank of the
United States, and their agent duly authorized in this behalf, be-
ing duly sworn, says that defendants have a defence to plaintiff's
demand for interest and charges of protest (if said charges be
claimed) on the notes on which this suit is brought, the nature
and character of which are that interest is not by law chargeable
against them at any higher rate than six per cent. per annum, nor
at that rate except from the time when said notes, according to
their tenor and effect, became due and payable; and that said
charges of protest are not recoverable or rightly incurred. In
regard to all the notes sued on they object to judgment being en-
tered for any amount without the production of said notes by
plaintiff at the time of moving therefor, and the deposit of them
in a place of safe custody under the direction of the court.
                        A. LARDNER, Second Assistant Cashier.

Sworn and subscribed this 19th day of June 1840, before me,
                                        JOEL COOK, Alderman.

The respective plaintiffs moved for judgment for want of a suf-
ficient affidavit of defence, before entering which the court made
the following order:

Ordered by the court, that in all cases of judgments entered
against the Bank of the United States, the prothonotary will take
notice the damages are to be assessed as follows:

As to the notes which on their face appear to be payable at days
subsequent to their date, the plaintiffs are entitled to judgment
under the Act of 1835, for the amount of the notes, with interest
at the usual rate of six per cent. per annum, computed from the
day at which the notes respectively became due. As to the other
notes, which are ordinary bank notes, the plaintiffs are entitled to
judgment for the amount of the notes, with interest at the rate
of 12 per cent. per annum, computed from the commencement of
the suit.

The amount of fees for notarial protests will be included in the
judgment on notes payable to *order*, and excluded in the case of
notes payable to *bearer*.

In each case, the award and entry of judgment were as follows:

And now                    1840, on motion of plaintiff's counsel,
the court direct that judgment be entered according to the pro-
visions of the above order, and that the prothonotary assess the
damages accordingly. Same day judgment entered accordingly.

By the 4th section, article 6th, of the Act of 18th of February
1836, incorporating the Bank of the United States, it is enacted
that, "if the bank shall neglect or refuse to pay its notes or bills or

moneys deposited when due, on demand made at the bank during banking hours, the person or persons entitled to the same shall receive interest thereon at the rate of 12 per centum a year, until payment be made."

The following errors were assigned in each case:

1. The court below erred in entering judgment for want of a sufficient affidavit of defence, where no such judgment was authorized by any rule of court or Act of the legislature.

2. In entering judgment for want of a sufficient affidavit of defence, where there was a sufficient affidavit of defence on record.

3. In entering judgment for more than legal interest.

4. In entering judgment for interest accruing before the bringing of the action.

*Cadwallader* and *Meredith,* for the plaintiffs in error, contended that the affidavit law of the 28th of March 1835, does not apply where the right of recovery depends on extrinsic circumstances, such as demand being made, or that the plaintiff was the same holder who made the demand. The statement of the plaintiff is evasive on this point, and the court below assumed it. In 1 *Miles* 324, an engagement to pay for stock was held not to be within the Act. The defendant cannot have knowledge that the demand was made of the very notes, as they are a kind of chose in action· that pass into circulation as money. Besides the amount of interest could only be ascertained by a jury of inquiry, in the same manner as if the suit were for foreign money, or on a bill of exchange returned protested. The court moreover ought to have first required the notes to be produced and condemned, as is said in *Higgens's Case,* (6 *Rep.* 45), as to a bond in suit.

*St. George Campbell* and *Earle* answered, that it was not necessary to aver demand; it would be presumed. In a suit against an endorser, the plaintiff need not, under this Act of Assembly, aver notice. 2 *Whart.* 184. But the demand is averred, and was in fact made by the plaintiffs. It was incumbent on the defendant to deny it. If more interest is given than ought to be, the plaintiff may remit it. As to the writ of inquiry, the defendant never asked it, and it is not necessary or usual, when the court renders judgment for want of a sufficient affidavit of defence.

The opinion of the Court was delivered by

ROGERS, J.—This was an action by the holder of certain promissory notes against the maker the Bank of the United States, and comes within the words as well as spirit of the Act of the 28th of March 1835. It is a note or bill for the payment of money, and consequently is such an instrument as falls within the provisions of that Act. If the only object of the plaintiff was to recover the note

with simple interest, this would not be denied; but, as the plaintiff seeks to recover at an increased rate, it is insisted that the District Court has no power under a fair construction of the Act to enter a judgment for want of a sufficient affidavit of defence. The clause under which the question arises, is the 6th section of the Act incorporating the Bank, which declares, that if the Bank shall neglect or refuse to pay its notes or bills, or moneys deposited, when due, on demand made at the bank during banking hours, the person or persons entitled to the same, shall receive interest thereon at the rate of twelve per cent. a year, until payment be made. The Act of the 28th of March gives the court power to enter judgment by default in all cases, without exception, when the suit is on a bill, a note, or other instrument for the payment of money. There is no restriction, either in express words, or by necessary implication, where the plaintiff asks interest at an increased rate, under the provisions of the law, which gives it to him, in certain specified cases, of the plaintiff's having complied with the law, and the defendant being shown to be in default. The additional interest is given with a two-fold object: as a penalty on the bank for refusing to comply with the contract, and a compensation to the creditors for the inconvenience and loss which necessarily arise from their non-compliance. The instrument of writing has relation to the payment of money, and the paper itself, without extraneous evidence, imports a direct and absolute undertaking to pay. *Montgomery* v. *Johnson*, (1 *Miles* 324). It is true, without the averment or proof of extraneous facts, simple interest could only be recovered; but this cannot alter the case, for otherwise, in certain cases, as in suits against endorsers, the holders of bills of exchange and promissory notes, would lose the benefit of this provision. But this is not pretended; and if it be said, as it has been, that such instruments are within the law, by force of its express terms, the same may be said with equal propriety of the notes on which this suit is brought. It must also be remembered that this is a suit against the maker, and not an endorser, and that the reason *à fortiori* applies to the case. In every adjudication in the Act, which is a remedial Act, and a very beneficial one, we have always held it should be liberally construed. If it be necessary to make averments *dehors* the instrument on which suit is brought, whether it be a bill, note, or any other instrument for the payment of money, the fact so set forth may be denied in the affidavit. If not denied, it is admitted; and the court can say with certainty whether, taking the statement with the affidavit, the defendant has any defence to the action.

This statement, or N. B., after setting out the notes, in *hæc verba*, avers that they were duly presented during banking hours, on the 25th of January 1840; that demand of payment was then and there made, and that they [the bank] neglected and refused

[Bank United States v. Thayer.]

to pay each and every of the notes; and that the plaintiffs [the holders thereof] do claim at the rate of 12 per cent. from the 25th of January 1840, until the notes, or judgment which may be entered in this suit, shall be fully paid and satisfied. It must be admitted, that the statement, or N. B., or whatever it may be called, is marvellously obscure, and inartificially drawn; but still we cannot but understand the pleader, as *intending* to aver that the plaintiff was, at the time of the presentation of the notes for payment, and is now, viz: when the statement was filed, the holder of the notes, and that he presented them for payment at the bank during banking hours, and that the bank neglected and refused to provide for their payment. If this was not the fact, the defendants could have denied it in the affidavit. And if not averred in intelligible language, the defect being pointed out, the plaintiff would have had leave to amend. But of this obscurity, of which the defendants now complain, it appears no notice was taken in the District Court, and of course he is deprived of an opportunity to amend. And this point is, in effect, conceded; for the defendants put their case in the affidavit, not upon the denial that the plaintiff was, and is the holder of the notes, but objects to judgment being entered for any amount, without the production of the notes by the plaintiff, and depositing them in a place of safety, under the direction of the court. This was the issue he tendered to the plaintiff, and not the one now taken.

The last point the defendants now insist on as error. But we think there is nothing in it. The plaintiff is not bound to part with the notes before judgment. It may be his interest to dispose of them without pursuing the claim against the bank, and may wish the uncontrolled custody of them for that purpose, and the market value, as a circulating medium, would be materially affected by the deposit in court, or elsewhere. There would be something in the argument, if it was necessary to the defendant's security, but it is not. The court can control its own execution so as to protect them; and this can be readily done by refusing to compel satisfaction until the identical notes described in the statement are delivered to the maker. There is nothing in the judgment of which any reasonable complaint can be made, for it is as favourable, and rather more so, than the defendants had any right to expect. The judgment is for the amount of the notes, with interest at the rate of 12 per cent., computed from the commencement of the suit, instead of an allowance of interest, to which he was entitled, from the 25th of January 1840, when the demand was made. In the argument of causes, many things occur in court of which no notice is taken on the record; and it is very probable, as is alleged, that the demand and refusal at a time immediately before the commencement of the suit, was admitted there, and this may account for the order of the court for the computation of interest only from the commencement of the suit.

The principle being settled, the amount due is matter of calculation, and was properly referred by the court to the prothonotary for computation.   A writ of inquiry is only necessary to inform the conscience of the court, who may in all cases dispense with it, if they think proper.   1 *Ten.* 513 ; *Watkins* v. *Phillips*, (2 *Whart.* 211).