# Knapp *versus* Duck Creek Valley Oil Company.

## Dawes *versus* Same.

## Bissell *versus* Same.

## Spang *versus* Same.

## Mercer *versus* Same.

1. Under the Affidavit of Defence Law, where there is no instrument of writing, a special statement of the contract on which the claim is founded is sufficient.

2. A claim for " *subscription*" to stock implies that it is in writing, and the subscription must be set out as it is.

3. Although the affidavit of claim sets out a contract for the payment of money, yet if it appears by it, that it was founded on a writing, which is not filed or which does not show a contract for the payment of money; judgment cannot be taken for want of an affidavit of defence.

4. The paper filed must show the name of the company, the terms and the amount agreed to be paid; the averment in the affidavit of claim cannot supply the place of such contract.

5. The object of the requirement is to give notice of the precise subject of the suit to the defendant, and enable the court to see that the rule has been complied with.

6. Where a *partial* copy of the writing is filed, it is not necessary that the defects should be taken advantage of in the affidavit of defence; they may be taken advantage of *ore tenus.*

7. Generally a waiver is presumed only when there is some apparent advantage to be gained by it; a waiver must appear to have been intended.

8. Whether subscriptions to stocks are within the acts and rules of court relating to affidavits of causes of action and of defence, *quære* per Woodward, C. J.

[Knapp *v.* Oil Company.]

THESE were several writs of error to the Court of Common Pleas of *Allegheny county.*

All the cases were actions of assumpsit by the Duck Creek Valley Oil Company to recover the amount of subscriptions alleged to have been made for its capital stock, and all involved the question whether the claims filed by the plaintiffs were such as would justify a judgment against the defendants for want of a sufficient affidavit of defence under the 8th rule of that court, which is: " In actions on recognisances, judgments and other records, mortgages, mechanics' liens, policies of insurance, book accounts, bills, notes, bonds *and other instruments of writing for the payment of money, and in all actions on contracts for the payment of money,* whether the same be in writing or not, if the plaintiff shall file with his præcipe an affidavit stating the amount *he* verily believes to be due from the defendant, *and a copy of the book entries, instrument of writing, record or claim,* and a statement of the contract—if the same be not in writing— he shall be entitled to judgment at any time after the return day and ten days' service of the writ, unless the defendant shall have filed an affidavit of defence, stating therein specifically and at length the nature and character of the same."

The cases having been decided in the Supreme Court solely on the question above stated, the affidavits of defence are not here given.

The first case was commenced June 1st 1866 against Joseph M. Knapp, and the following affidavit of claim was filed :—

" Before me, the subscriber, personally appeared J. C. Tilton on behalf of the above-named plaintiffs, who, being duly sworn, says that the defendant above named is justly and legally indebted to the plaintiffs above named in the sum of five hundred dollars, with interest from July 1st 1865, by reason of his subscription for five hundred shares of the capital stock of the said the Duck Creek Valley Oil Company at par value of one dollar, a true copy of which subscription is hereto attached and made part of this affidavit. Deponent further says that the same was duly called but that the same remains wholly due and unpaid, and further says not.

[Copy.]

" We, the undersigned, hereby agree to take of the above stock, upon the terms named, the number of shares set opposite our respective names.

" J. M. Knapp     .     .     .     .     .     500"

The second case was commenced April 23d 1866 against John L. Dawes. The affidavit of claim was substantially the same as the first; the copy of claim filed was :—

" We do hereby agree to take and pay for the number of shares set opposite our respective names.

" John L. Dawes.     Two hundred and fifty.     250"

[*Knapp v. Oil Company.*]

The third case was commenced March 12th 1866 against F. S. Bissell, and the following affidavit of claim filed:—

" Joseph C. Tilton, on behalf of the plaintiffs, being duly sworn, deposes and says, that the said defendant is a subscriber for one thousand shares of the capital stock of said company, of the par value of one dollar per share; that said company has been organized under the laws of Pennsylvania, and has received letters patent from the Governor of said Commonwealth, under the seal of the said Commonwealth; that said defendant was personally present at the organization of said company, and was elected one of the directors thereof; that he served as director in pursuance thereof, at one or more meetings of the board, and remained a member thereof until ——————————————, when his resignation was accepted; that all of the capital stock of the said company has been duly called in, but that the defendant, notwithstanding, has refused and does refuse to pay the amount of his subscription; that the money of those subscribers who have paid in is hazarded by the non-payment, by defendant, of his said subscription, and the board of directors are to that extent unable to carry out and accomplish the purposes of said company; that, owing to the depression of the market for the sale of oil stocks, there is no demand for the stock of said company, and that a forfeiture and sale of defendant's stock, under statutory authority, would realize but a very small amount of money, and would deprive the company, in such case, of much, if not all of the amount of the defendant's said subscription; that the said sum of one thousand dollars, with interest from the ——————————————, which was the date of the organization of said company, is wholly due and unpaid."

The fourth case was commenced April 23d 1867 against Charles H. Spang; the affidavit of claim was substantially the same as the first; the copy of claim filed was:—

" We, the undersigned, hereby agree to take of the above stock, upon the terms named, the number of shares set opposite our respective names.

　　" C. H. Spang　　．　　．　　．　　．　　．　　1000"

The last case was commenced June 22d 1866 against Stephen Mercer; and the following affidavit of claim filed:—

" Before me, the subscriber, personally appeared J. C. Tilton, on behalf of the above-named plaintiffs, who, being duly sworn, deposes and says, that the defendant above named is justly and legally indebted to the plaintiffs above named in the sum of five hundred dollars, with interest from ——————————, A. D. 1865, by reason of his subscription (a true copy of which is hereto attached) for five hundred shares of the capital stock of the said Duck Creek Valley Oil Company, at the par value of one dollar. Deponent further says, that the said subscription was duly called,

[Knapp *v.* Oil Company.]

but that the same remains wholly due and unpaid.    And further says not.

[Copy.]

" We, the undersigned, hereby agree to take of the above stock, upon the terms named, the number of shares set opposite our respective names."

Judgment was entered in each case for want of a sufficient affidavit of defence for the amount of the claim, with interest; which was the error assigned.

*M. A. Woodward*, for Knapp and Dawes; *C. W. Robb*, for Bissell and Spang; and *J. McClaren*, for Mercer, plaintiffs in error, cited Hansel *v.* Nelson, 1 Miles 343 ; Bayard *v.* Gillespie, Id. 256 ; Kearney *v.* Collins, 2 Id. 13 ; 1 T. & H. Pr. 325 ; Act of March 28th 1855, § 2, Purd. 337, pl. 8, Pamph. L. 89 ; Strasburg R. R. *v.* Echternacht, 9 Harris 220 ; McConahy *v.* Centre Turnpike Co., 1 Penna. R. 426 ; Angell & Ames on Corp., § 89 ; McCully *v.* Pitts. & Con. R. R., 8 Casey 31 ; Pitts. & Con. R. R. *v.* Graham, 12 Id. 78 ; Leibersperger *v.* Reading Bank, 6 Id. 532 ; Act of July 13th 1863, Pamph. L. of 1864, p. 1102 ; Patterson *v.* Poindexter, 6 W. & S. 227 ; 2 Miles 201 ; 3 Pa. Law J. 32 ; 1 T. & H. Pr. 328 ; Crossman *v.* Penrose Ferry Bridge Co., 2 Casey 69 ; Crawford County *v.* Pitts. & Erie R. R., 8 Id. 141 ; Hogg *v.* Orgill, 10 Id. 347 ; Hugg *v.* Scott, 6 Wh. 274 ; Frank *v.* Maguire, 6 Wright 81 ; Selden *v.* Neemes, 7 Id. 421.

*S. & S. C. Schroyer*, for defendants in error, cited Hogg *v* Charlton, 1 Casey 200 ; Vanatta *v.* Anderson, 3 Binn. 417 ; Phila. Savings Ins. *v.* Smith, 10 Id. 13 ; Bank U. S. *v.* Thayer, 2 W. & S. 447 ; Dewey *v.* Dupuy, Id. 557 ; Alexander *v.* Alexander, 5 Barr 277 ; Ankrim *v.* Sturges, 9 Id. 275 ; Umberger *v.* Zearing, 8 S. & R. 165 ; Bonsér *v.* Bedford R. R., 12 Wright 29 ; Graff *v.* R. R. Co., 7 Casey 489 ; R. R. Co. *v.* Clark, 5 Id. 146.

The opinion of the court was delivered, November 5th 1866, by THOMPSON, J.—The questions of law involved are the same in each of these cases, and hence we consider them all together. We think the plaintiff below was not entitled to judgment in either, without considering whether the affidavits of defence were sufficient or insufficient, because of a failure on part of the company to comply with the rule of court entitling it to judgment for want of an affidavit of defence.    Rule 8 of the Common Pleas, like the 2d section of the Act of the 28th March 1855, requires a copy of the " instrument of writing," which is the foundation of the action, to be filed with the affidavit of claim, accompanying the præcipe.    The rule is imperative, and a compliance with

[Knapp *v.* Oil Company.]

it must appear in order to sustain the judgment predicated of it. There is a class of cases in which there being no instrument of writing, a special statement of the contract on which the claim is founded is all that is necessary; but that is not like the cases before us.   The suits in all these cases were instituted to recover an alleged subscription by each of the defendants to the stock of the company.   Of course it was in writing, the word " subscription" implying that.   The affidavits of claim concede this by averring that true copies of the subscription are set forth, excepting in one of the cases, Bissell *v.* The Company, in which that is omitted, and no copy of claim filed.

It will be readily seen, that the copies filed are not copies of the subscription, and they bear on these points a palpable contradiction of the averment that they are true copies.   If they are, there is no contract in writing; for the company whose stock is subscribed for is not even named in them.

In the first of the above cases the copy of the instrument is thus set out:—

" We, the undersigned, hereby agree to take of the above stock upon the terms named, the number of shares set opposite our respective names.

   " J. M. Knapp,   .    .               .         .  500."

This is manifestly not an instrument of writing for the payment of money, if it be a true copy.   There is not a word about money in it.   The affidavit avers that the defendant was indebted to the plaintiffs in the sum of $500, with interest from July 1st 1865, by reason of his subscription for 500 shares of the capital stock of the said Duck Creek Valley Oil Company, at the par value of $1, " a true copy of which subscription is hereto attached," &c. The instrument claimed as the contract is either not set forth, or it is not one for the payment of money; and yet it is upon this, as such instrument, that judgment was entered.   The case of a contract to pay money appears in the affidavit only; but this is not a case in which by the rule judgment may be taken on an affidavit setting forth the contract.   That only applies to a case where there is no contract in writing; but the affidavit says, the contract is in writing and is set out.   But when we look at it, it shows no promise to pay in anything, or anything that would negative the idea that it is not already paid for—full paid stock.

More than this; it is manifest that whether there be a contract to pay money or not in the subscription as made, the subscription is not set out as it exists:   1st. No company is named in the subscription before us, to whom the promise is made.   2dly. The " terms" upon which the stock is subscribed; when payable; in what amounts; upon what calls usual in stock subscriptions—these are not set out, yet they existed, or others, as the imperfect copy

[Knapp *v.* Oil Company.]

we have shows. 3dly. No date appears ; and lastly, no amount of money is shown to have been promised by the instrument.

All these, at least the name of the company, the terms, amount agreed to be paid, must be in the contract, if we credit the affidavit of claim ; and by inspecting what we have before us they are not in the copy filed.

The object of the requirement to set out a copy of the claim is twofold :—to give notice of the precise subject of suit to the defendant, and to enable the court to see that the claim is within the rule. It is a good rule and a convenience in practice, in simple money claims ; but as it is somewhat summary in concluding the defendant by judgment—if he cannot dispute it—it is but right that the requirements be fully complied with. That the defendant makes this as a mere technical objection and put-off, is not true, for he has filed an affidavit of defence, whether sufficient or not we do not say, for the reason that the plaintiff is not entitled, on account of the difficulties noticed in his path, to judgment.

In the fourth of the above cases, the copy of claim filed is identical with that in the preceding, which is the first case, and is subject to the same objection noticed in that case. We think in neither was the plaintiff entitled to judgment for want of an affidavit of defence, for the reasons given.

In the second of these cases there is the copy of claim accompanying the affidavits :—

" We do hereby agree to take and pay for the number of shares set opposite our respective names.

" John L. Dawes.      Two hundred and fifty.      250"

Of what stock ? At what price ? When or where to be paid ? This, like the others, is not an instrument of writing in form for the payment of money. No argument can convince anybody of this. It is possible the entire subscription contract might give us such an instrument as would come within the affidavit rule, but this does not. The affidavit of claim, while it may properly set out matters necessary in taking judgment on the written contract, *dehors* the contract, still the writing must contain the contract where there is one. An illustration of this is to be found in the Bank of U. S. *v.* Thayer, 2 W. & S. 443, and might be further illustrated by the necessity of setting forth calls made where the subscription is otherwise such as to be within the rule. Here the affidavit is treated as everything, and the written contract nothing, although it ought to be the foundation of the claim ; nothing so far at least as setting forth a contract. But as there is an instrument of writing averred, the former cannot avail to supply the place of the latter. And as the former is not such as

to entitle the plaintiff to judgment, at least as it appears on the record, the court erred in granting judgment thereon.

In the third of the above cases, there was no copy of claim filed, although, like the others, it was an action to recover a *subscription* alleged to be made to the stock of the Duck Creek Oil Company. The affidavit of claim sets forth that the defendant is a "*subscriber* for one thousand shares of the capital stock of said company, and that the sum of one thousand dollars is due and remains unpaid," and that the forfeiture of the defendant's stock would be of little value, and "would deprive the company, in such case, of much, if not all, of the amount of the *defendant's said subscription*." If indebted to the company by a *subscription*, which implies a writing, why was not a copy filed? It is manifestly the foundation of the claim, judging thereof by the affidavit of claim. The absence of it is not a defective compliance with the rule of court merely, but a disregard of it; and it surely is not entitled, upon any natural principle, to the fruits of a strict compliance.

It has been suggested in some of these cases that it was only necessary to set forth so much of the subscription contracts as to inform the defendant that it was upon such contract that the suits are founded. The only answer that is necessary to give to this position is, that this is not the rule of court. That says the whole must be set forth; and this, of course, can only be done by giving a true copy. *Non constat* if the whole were given, there might be something which would benefit the defendant. It might appear to have been made on conditions not performed by the company, and therefore inoperative as to the defendant. The suggestion that all that was necessary for the information of the defendant was given, is a concession that the whole was not given, and proves that this rule is not complied with.

It has also been argued, with the appearance of plausibility, that the want of a copy of the claim, or when a partial copy only is given, the defects must be taken advantage of in the affidavit of defence. This is a very illogical view, in my opinion. In order to entitle the plaintiff to judgment under the rule of court, it was bound to do certain things, among which was the requirement to file a copy of the instrument on which suit was brought. This it was bound to do, not only in compliance with the rule, but as a legal foundation for a judgment under the rule. It was therefore not for the company to say to the defendant, you should have advised us that you required this by saying so in your affidavit. The rule of court was intended to apprise the plaintiff what it had to do in order to obtain judgment. The want of compliance with what that required might be taken advantage of *ore tenus*, as well as in any other mode. There may be cases where this defect might doubtless be considered a waiver. Generally

[Knapp *v.* Oil Company.]

a waiver is presumed only where there is some apparent advantage to be gained by it. At all events, the waiver must appear to have been intended. We should infer that nothing was waived here; no inducements to waive the defect appear. On the contrary, in all the cases affidavits of defence were filed, good at least to show plainly that the rule was intended to be insisted on. Indeed, for aught that appears on this record, the objection was made below. Certain it is, we cannot say it was not. We see no evidence of an intended waiver of the requirements of the rule by the defendant, and the plaintiff must be held to it.

The case of Phila. Savings Ins. *v.* Smith, 10 Barr 13, has been considered, although not cited. That decision was under the Act of Assembly of 1855, and there was no affidavit of defence at all. This court seems to have been of opinion that although the case might not have been strictly within the Act of Assembly, yet, as there was no denial of the plaintiff's claim by affidavit, and judgment having been entered without objection manifested in any way by the defendant, they would not reverse. The copy of claim was correctly given; and, as the defendant interposed no objection until after judgment, it was affirmed. That is not like the cases before us. We have no copy of claim at all filed, and affidavits of defence in all of them. It may be some of them are defective, but they served to show that the defendants waived nothing. Without enlarging, we are of opinion that the judgment in each of these cases should be reversed.

Judgments in all the cases reversed, and *procedendo* awarded.

WOODWARD, C. J.—I concur in these judgments, not only on the grounds above stated, but because also of a strong doubt whether subscriptions of corporation stocks are within the meaning of the Act of Assembly and rules of court that relate to affidavits of causes of action and affidavits of defence.