# Strock *versus* Commonwealth, to use of Zeigler.

1. The Act of February 26th 1872, relating to the administration of justice in Cumberland county, provides that before judgment is taken, for want of an affidavit of defence in an action, brought on an instrument for the payment of money, the plaintiff must file with his declaration a copy of the instrument of writing on which the action is founded. The bond of the committee of a lunatic was conditioned that the committee "shall and do well and faithfully execute and perform, all and singular, the duties appertaining to said trust, and duly account according to law for all property and funds that may come into his hands." In a suit upon the bond, the court entered judgment for want of an affidavit of defence, under the terms of the above act. *Held*, that this was error, as the bond was not an instrument for the payment of money within the meaning of said act.

2. The plaintiff did not file with his declaration an affidavit, " stating the amount he verily believes to be due," or file with his præcipe a reference to the place where the bond could be found. as required by rules of the court. *Held*, that without compliance with these requirements of the rules of the court, the judgment was erroneously entered.

[Strock *v.* Commonwealth.]

May 14th 1879.  Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ.  PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1879, No. 96.

Debt by the Commonwealth to the use of Philip Zeigler, committee of David Rife, a lunatic, against George Strock, co-obligor with Moses Bricker, in a joint and several bond, conditioned for the faithful performance by Bricker of the duties of committee of said lunatic.   The condition of the bond is recited in the opinion of this court.

The *narr.*, in the usual form, declares that " George Strock, together with Moses Bricker, on the 27th August 1862, by their writing obligatory, with their seal sealed and filed in the office of the prothonotary of the Court of Common Pleas in and for the county of Cumberland, which said writing obligatory is herewith produced and exhibited to the court, and is *of the tenor and effect following*, to wit: " Know all men," &c.   Then follows a bond in the usual form for $5000, conditioned for the faithful performance by Bricker of " all and singular the duties relating to" his trust as committee of David Rife, a lunatic.   Then follow recitals of proceedings, and averments of fact to show that Bricker was unfaithful; that he was dismissed; that Philip Zeigler was appointed in his place; that an account had been previously filed, which on final settlement showed a balance in the hands of Bricker, as committee, of $3932.71; that he was ordered to pay, and did not pay the said sum, "nor any part thereof, although often requested," &c., whereby the said bond "became forfeited," &c., concluding, in the usual form, with the averment of demand on Strock, and his refusal; and the whole signed by plaintiff's attorney.

Rules of court in Cumberland county provided, inter alia, as follows:

§ 14. In actions on recognisances, judgments, mortgages, liens of mechanics and material men, municipal claims, transcripts from the Orphans' Court, policies of insurance, book accounts, bonds, bills, notes and other instruments of writing for the payment of money, * * * if the plaintiff shall, ten days before the return day of the writ, with his declaration or statement, when necessary, * * * file an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book entries or instrument upon which the suit is brought, * * * he shall be entitled to judgment, &c.

§ 15. In lieu of a copy of the instrument required by the preceding rule to be filed by the plaintiff, when the action is upon a record of this court, or upon a mortgage, mechanic's lien, or recognisance in the Orphans' Court, Oyer and Terminer or Quarter Sessions, it shall be sufficient if the plaintiff file, with his præcipe

9 NORRIS—18

[Strock *v.* Commonwealth.]

or otherwise a reference to the place where such record or other instrument may be readily found by the defendant, should he desire an inspection of the same.   In any such case plaintiff's affidavit is not required.

No affidavit was attached to the declaration stating the amount which the plaintiff really believed to be due, was filed as required by this rule, nor was any reference made to the place where the bond could be found.   No copy of the bond was filed, but it was set forth as an exact copy in the declaration and at the argument of the rule, the bond was produced to prove that the recitals were copied literally from it.   The Act of Assembly of February 26th 1872, "relating to the administration of justice in Cumberland county:" Purd. Dig. 1165, Pamph. L. 6, provides that in all actions to be brought in the Court of Common Pleas, on bills, notes, bonds and other instruments of writing for the payment of money, * * * before judgment shall be taken for want of an affidavit of defence, the plaintiff must file "with his statement or declaration * * * a copy of the instrument of writing," &c.   The court, Herman, P. J., entered judgment for the plaintiff, for want of an affidavit of defence.   A rule was afterwards taken, to strike off this judgment because entered improvidently, which the court discharged in an opinion, saying:

"It appears that there is set forth in the declaration in this case an exact copy of the instrument of writing sued on, and which was signed by Moses Bricker and the defendant, George Strock. This the plaintiff verified on the argument by producing the bond itself on which the action is founded.   It is true, that it is made a part of the declaration, and is set forth as being, in ' tenor and effect, following, to wit:'   But then follows an exact copy of the bond, which it is declared was signed and sealed by Moses Bricker and George Strock, the defendant.   Their signatures are not copied to the copied writing, but then it is so clearly stated that they did sign and seal the bond, that the omission to copy them is immaterial.   I do not see how the defendant, after reading the declaration, could have suspected that it did not contain an exact copy of the instrument of writing which he had executed with Moses Bricker, or had any doubt in his mind as to the identical instrument of writing upon which the action was founded.   I think the plaintiff had done everything that was necessary under our affidavit of defence law to impose upon the defendant the duty of filing an affidavit of defence, and the defendant having failed to file such an affidavit on or before the second Saturday succeeding the return-day of the writ, was in default, and the plaintiff was entitled to his judgment."

The defendant took this writ, and assigned for error the discharge of the rule.

[Strock v. Commonwealth.]

*S. Hepburn, Jr.*, and *S. Hepburn*, for plaintiff in error.—This bond was not within the Affidavit of Defence Law. It is not for the payment of any sum of money. There is no fixed amount in it. It is like an official bond. A scire facias should have been sued out, and the amount of damages ascertained: Sands *v.* Fritz, 3 Norris 18; Kortle *v.* Engbert, 4 W. N. C. 202. The bond itself furnishes no guide for the direction of the prothonotary in ascertaining the amount of the judgment to be entered. For this he must look to the other averments in the *narr*.

It is only by a compliance, on part of the plaintiff, with the rules as to filing of a copy, giving clear reference to the place where a "record may be readily found," or by filing an affidavit of the amount of his claim, that the other party has notice of the intention to take judgment, and a strict compliance on his part is necessary to entitle him to take it: Gottman *v.* Shoemaker et al., 5 W. N. C. 381. A copy, "as near as can be ascertained," of the original is not sufficient: Jordan *v.* Keller, 5 W. N. C. 341.

*John Hays*, for defendant in error.—The Act of February 26th 1872 is similar to the act of March 28th 1835: Purd. Dig. 495, Pamph. L. 89, relating to the District Court, which was extended to the Common Pleas of Philadelphia by the Act April 14th 1846, Purd. Dig. 1165, Pamph. L. 328. In the act for the District Court the words are, "Shall * * * have filed in the office of the prothonotary of the court a copy of the instrument of writing." By the Cumberland county act, the copy is to be filed with the declaration or statement, it may be part of it; and the language implies that it is to be filed as part of it. In the other cases it is simply to be filed in the prothonotary's office. It need not be with or as part of the declaration. That it is filed is sufficient.

The decree of the court against Bricker was conclusive against Strock, his surety, and fixed his liability on the bond. This decree, fixing the principal in the bond, and being conclusive upon the surety rendered the bond, "prima facie, at least an instrument for the payment of money," as the forfeiture of the recognisance in Harres *v.* Commonwealth, 11 Casey 416. The Commonwealth, as in that case, was entitled to judgment for the penalty of the bond, under Act of 14th June 1836, Purd. Dig. 163, Pamph. L. 639, regulating actions on official bonds. See also, Bank of United States *v.* Thayer, 2 W. & S. 447. The averment of the decree was therefore proper to conclude Strock: Montayne *v.* Carey, 1 W. N. C. 311. The bond, therefore, coupled with the decree, was clearly within the Affidavit of Defence Law.

The bond being exactly copied in the *narr*. it follows that it was filed with the declaration according to the very words of the act and rule of the court.

Mr. Justice TRUNKEY delivered the opinion of the court, May 26th 1879.

The condition of the bond is that Moses Bricker, committee of a lunatic, "shall, and do well and faithfully, execute and perform all and singular the duties appertaining to said trust, and duly account according to law, for all property and funds that may come into his hands." This demands much more than receiving and paying over money. Neglect and waste of the lunatic's estate, excessive expenditures for his support, refusal to surrender possession of his lands and goods when lawfully required, as well as embezzlement of his funds, are violations of the duties of the trust. He is liable to be charged with all damages which directly result from his breaches of the condition. The penalty limits the amount of recovery in an action on the bond, but is no measure of the sum which may be decreed against him in the settlement of his accounts; that may be more or less than the penal sum. This bond presents as little appearance of a writing for the payment of money, as does the bond or recognisance of a sheriff. It is unlike any of the cases which have been held to authorize judgment in default of affidavit of defence, under the statutes, cited by defendant in error. In Harres *v.* Commonwealth, 11 Casey 416, judgment was entered in the Quarter Sessions under a rule of court which expressly and singly related to forfeited recognisances. A recognisance conditioned for appearance to answer a criminal charge, is in a sum for payment of which, the parties are fixed upon forfeiture, and it matters not, as respects the nature of the obligation, that for equitable cause, it may be remitted in whole or part by a statutory proceeding. The case of Montayne *v.* Carey, 1 W. N. C. 311, is where Carey agreed in writing to pay the amount which Montayne might recover in his action against Wheat—a promise to pay money—and averments were competent to show the recovery and for how much. So in Bank *v.* Thayer, 2 W. & S. 443, the notes entitled the plaintiff to recover the sums therein named with simple interest, and averment of facts was admissible to show a statutory right to interest at 12 per centum. The test is, whether the agreement is for payment of money, if so, averments *dehors* the writing may be made to show it has become due. But if the obligation be for faithful performance of duties as a trustee, or as an officer, or to deliver goods, or render services, it is not within the statute. The plaintiff may have a complete right to recover judgment for damages; that is not the question—it is, does the statute authorize judgment by default? His case will not be brought within the statute or rule, when suit is on the original obligation, if the amount of damages has been determined by agreement or otherwise. To illustrate, a written contract is made for sale of a horse, for $100; if delivered accordingly, the seller, in an action for the price, may file a copy of the instrument, aver his performance and have judgment in default; but if he refused to deliver the horse, and the buyer brought suit on the contract, he could not

[Strock v. Commonwealth.]

by averments, bring his case within the statute, even if the damages were agreed upon. We are of opinion that the bond in suit is not for "payment of money" in the sense of the Act of February 26th 1872, or the rule of court. The action is on the bond, not upon the decree of the court.

If it be conceded that a copy of the bond was properly filed, and the bond within the act, judgment was erroneously entered. The plaintiff failed to file an affidavit stating the amount he verily believed to be due. The rule of court, directing that, is most salutary and fit to be observed. To say the affidavit was unnecessary, because the action is upon a record, is to run against another rule, which directs, with the præcipe or otherwise, a reference to the place where such record may be readily found, which reference was not filed: Gottman v. Shoemaker, 5 Norris 31; Brennan's Estate, 15 P. F. Smith 16.

A perfect declaration was filed, and an alleged copy of the bond forms an essential part. The point was pressed that this fails to meet the requirements of the statute and rule, because the signatures and seals are omitted, though the names are stated in the pleadings; the direction to file with, does not mean to bury in the verbiage of a declaration; and *in* the body is not *with* it, in the intendment of the statute. Our rulings upon other points decide the case, and remark upon this would be a mere dictum.

Judgment reversed, and a *procedendo* awarded.

MERCUR, J., dissents.