## Albrecht v. Flamisch.

*Practice, C. P.—Assumpsit—Plaintiff's statement—Copies of contract—Practice Act of 1915.*

1. It is an indispensable prerequisite to entitle a plaintiff to demand an affidavit of defence or to ask for judgment in default of such, that he set forth his claim in the precise manner indicated and prescribed by the Practice Act of May 14, 1915, P. L. 483.

2. Plaintiff, in an action of *assumpsit* to recover balance due on a sale of whiskey, is not entitled to judgment for want of a sufficient affidavit of defence where he fails to attach to his statement copies of certificates which are a material part of the contract on which the action is based, as required by section 5 of the Practice Act of 1915.

*Assumpsit.* Rule for judgment for want of a sufficient affidavit of defence. C. P. Berks Co., March T., 1921, No. 75.

*Ira G. Kutz*, for plaintiff and rule; *Walter S. Young*, contra.

ENDLICH, P. J.—This is an action of *assumpsit*, in which the plaintiff's statement avers that on Nov. 1, 1919, the defendant ordered from the plaintiff verbally two certificates issued by the Neversink Distilling Co., Ltd., a corporation engaged in the business of distilling whiskey at Lorane, Berks County, for ten barrels of whiskey then in bond in the warehouse of said distilling company at Lorane, to be paid for at the rate of $4.50 per gallon; that the plaintiff duly accepted the order and delivered to the defendant two certificates, numbered 1424 and 1425, for ten barrels of whiskey, the one certificate calling for 246.01 and the other 245.65 gallons, which certificates were duly accepted by the defendant; that the defendant paid the plaintiff on account of said certificates the sum of $1000, and is still indebted to the plaintiff for the balance of said contract price, to wit, $1212.42; and that this action is brought to recover that amount, with interest from Nov. 6, 1919. To this statement the defendant filed a statutory demurrer, an affidavit of defence raising questions of law, the third of which is that plaintiff's statement of claim is generally insufficient, in that it does not set forth a good cause of action, i. e., in accordance with the directions of the Practice Act of May 14, 1915, P. L. 483.

The affidavit of defence system under that act, by which a plaintiff is enabled to obtain judgment for his claim for want of a sufficient affidavit of defence, is founded upon that statute, and depends upon the same, not only for its existence, but for the details of its operation. It is an indispensable prerequisite in order to entitle a plaintiff to demand any affidavit of defence or to ask for the judgment provided in default of such, that he set forth his claim in the precise manner indicated and prescribed by the statute whose benefit he desires to enjoy. Section 5 of the Practice Act says that: "Every pleading shall have attached to it copies of all notes, contracts, book entries or a particular reference to the records of any court within the county in which the action is brought, if any, upon which the party pleading relies for his claim or defence, as the case may be."

It is pointed out in the argument of defendant's counsel that the plaintiff has failed to attach to his statement copies of the certificates he speaks of, which are a material part of his contract with defendant, and that, for that reason, he is not entitled to ask for judgment against the defendant under the Practice Act. If any authority is needed for sustaining him in that contention, it is to be found, in principle, in Gottman *v.* Shoemaker, 86 Pa. 31. If it be suggested that the originals are presumably in the possession of the defendant, and that, therefore, he needs no copies to inform him of their contents, the answer is that they are designed as well for the information of the court: Knapp *v.* Oil Co., 53 Pa. 185. Nor is there any virtue in the argument that the court cannot compel a defendant to furnish his adversary a copy of an instrument lawfully lodged with the defendant for the purpose of making a case for plaintiff, so that the latter may obtain judgment. See Morton *v.* Insurance Co., 12 Phila. 246. Doubtless, copies of the certificates are readily procurable by plaintiff without asking defendant for them. Moreover, the requirement of the copies is a condition precedent to the plaintiff's right to ask for judgment, and the rule is that no amount of hardship or impossibility or illegality will avoid the bar of a condition precedent unperformed: Allegheny City *v.* Railway Co., 159 Pa. 411, 419. The application for judgment in favor of the plaintiff and against the defendant must, for the reasons stated, be refused, and it is unnecessary to discuss the other grounds alleged in the affidavit.

The plaintiff's application for judgment against defendant is refused. ·

From Wellington M. Bertolet, Reading, Pa.