## Woodwell *versus* The Bluff Mining Company.

Under the rules of the District Court of Allegheny county, no judgment can be entered for want of an affidavit of defence, in an action upon an *implied contract* to pay money

ERROR to the District Court of *Allegheny county*.

Woodwell was the owner of 160 shares of stock in "The Bluff Mining Company of Michigan." The company had made various assessments on the stock, the defendant's share amounting, at the bringing of the suit, to $344, to recover which this action was instituted. The defendant filed an affidavit of defence, but the Court, deeming it insufficient, rendered a judgment for the plaintiff.

The defendant sued out this writ, and assigned the action of the Court for error.

*Selden*, for plaintiff in error.

*J. I. Kuhn*, for defendant in error.

The opinion of the Court was delivered by

KNOX, J.—It is unnecessary to consider the sufficiency of the affidavit, for this was not a case in which an affidavit of defence was legally required.

The rule of the District Court of Allegheny county, under which the judgment was entered, is in the following words:—

"In all actions hereafter instituted in this Court on bills, notes, bonds, or other instruments of writing for the payment of money, on book account; in all actions on contracts for the loan or advance of money, whether the same be in writing or not; in all actions of *scire facias*, on mortgages and on liens of mechanics and material men, under the Act of 17th March, 1836, and the various supplements thereto; and in all actions of debt or *scire facias*, on recognisance, judgment, or other record, the plaintiff may enter judgment by default, at any time after the return day and ten days' service of the writ," &c.

The defendant was a stockholder in the plaintiff's company, and the action was to recover the amount of the unpaid assessments made on the defendant's stock. This cause of action is not embraced in any of the specifications in the rule. The action was not instituted on a bill, note, bond, or other instrument of writing for the payment of money, nor on a contract for the loan or advance of money, nor was it an action of *scire facias* of any description, and consequently the rule of Court did not apply to it. Had the action been brought upon a subscription to the stock

[Woodwell *v.* Bluff Mining Company.]

of the company, or upon an agreement in writing made by the defendant with the company that his stock should be subject to assessment, it might have been within the rule, but nothing of the kind appears upon the record. The cause of action is set forth in the declaration in these words: "For that whereas heretofore, to wit, on the 1st day of May, 1855, at the county aforesaid, the said defendant was indebted to the said plaintiff in the sum of $350, for moneys payable, due, and owing, by and from the said defendant, to the said Bluff Mining Company of Michigan, for and in respect of divers, to wit, 150 shares of the stock of said mining company, of which said defendant was proprietor, and which he held in said company, by virtue of divers calls before that time, duly made by the secretary and treasurer of said company for the time being, in pursuance and by virtue of resolutions and assessments duly passed and made by the board of directors of said company for the time being, for the said moneys; and being so indebted, he, the said defendant, afterwards, to wit, on the day and year aforesaid, at the county aforesaid, in consideration of the premises undertook, and promised the said plaintiff to pay to it the said sum of money on request." It will be thus seen that the action was *assumpsit*, founded upon an implied contract between the company and the stockholder that the latter should pay the assessments made by the former upon his stock. It is not an action for money paid and advanced by the company for the defendant's use, but it is to recover money which, it is alleged, he is bound to pay for the use of the plaintiff.

Judgment reversed and *procedendo* awarded.