## Dewart *versus* Masser.

*What Writings are within the Rule allowing Judgment for want of an Affidavit of Defence.—Cause of Action must appear on the Record.—Count against Bailee who holds Proprty as Security must aver Demand, Refusal, and Value of Property bailed.*

1. Under a rule of court providing for the entry of judgments for the want of an affidavit of defence, in actions brought on bills, notes, or other instruments of writing for the payment of money, claims for the loan or advancement of money and book debts, judgment can be entered only where the action is brought for a claim within one or more of these classes ; and where judgment was signed by the prothonotary for want of an affidavit of defence upon a claim, the greater part of which was a transaction growing out of the receipt from the plaintiff by the defendant of one hundred and ninety-four dollars in tidewater money, to be held as security for notes he had gone bail on for the plaintiff, who had brought suit for the deposit after the notes had been paid, it was *held,* that the receipt was not a bill, note, or other instrument of writing for the payment of money, nor was the transaction a loan or advancement of money, within the rule of court, and that therefore the judgment entered thereon was unauthorized and void.

2. Where the principal count in the declaration did not aver the value of tidewater money, nor that any demand was made upon the defendant for its return after his suretyship had ceased, nor that notice was given to him that the notes in which he had become bail were satisfied, but only that he had converted to his own use the security deposited with him, and thereby had become liable to pay in *current money,* it was defective because no sufficient cause of action was set forth in it; and the want of an averment of demand and notice was not cured by the verdict.

3. The defendant, who, as a bailee, had received the tidewater money, to be held as security, for the payment of a debt, was under no obligation to return it until demand made, or at the least, until notice that the debt, as security for which he held the pledge, had been paid by the plaintiff; and the judgment entered by the prothonotary for the deposit, assumed to be equal in value to federal money, including interest from the time of the payment of the debt by plaintiff, was for this reason also erroneous.

ERROR to the Common Pleas of *Northumberland county.*

This was an action of *assumpsit,* brought in the Common Pleas to January Term 1859, by Henry B. Masser against William L. Dewart.

With the plaintiff's declaration he filed a bill of particulars for printing, and the following copy of a receipt as constituting part of his claim :—

" Received, February 27th 1852, from H. B. Masser one hundred and ninety-four dollars, in tidewater money, which I hold as security for notes I have gone his bail on.

(Signed)        WM. L. DEWART."

The declaration contained the common counts in *assumpsit,* and a special count in which it was averred that defendant had received

[Dewart *v.* Masser.]

the tidewater money for the purpose mentioned in the above receipt; that the notes therein mentioned had been paid by the plaintiff, which entitled him to receive the tidewater money from the defendant, but that he had converted them to his own use, whereby the plaintiff was entitled to recover the sum of $194 in current money, &c.

On the 3d of February 1859, the prothonotary, at the instance of the plaintiff, entered judgment against defendant for want of an affidavit of defence under the rules of court, recited in the opinion of this court, for $307.22.

On the 10th of January 1860 the defendant moved the court below to set aside the judgment, on the ground that the special count contained no cause of action; and that the cause of action, so far as it could be ascertained from that count, was not within the rule of court under which the judgment was entered. The rule to show cause was granted, and the defendant filed the following reasons for setting aside the judgment and the execution, which had been sued out by the plaintiff:—

1. The judgment in this case was entered contrary to the rule of court, requiring affidavits of defence in certain cases, the cause of action as set forth in plaintiff's declaration not being sufficient, or of such a nature as to justify a judgment for want of an affidavit of defence under the rule of court.

2. The special count in plaintiff's declaration is of the nature of a count in trover, and therefore under the rule of court no affidavits of defence were necessary.

3. The said count sets forth no sufficient cause of action, in this, that it is not alleged in said count that any notice was given to defendant that plaintiff had paid the notes in which the said defendant was bail, nor is it alleged that any demand was made by plaintiff upon defendant for the return or redelivery of the tidewater money, held by defendant as security for notes that defendant had gone bail on for plaintiff; nor is it alleged that said tidewater money was of any value.

4. It is not alleged in plaintiff's special count what was the value of tidewater money, or that it had any value, and that the prothonotary had no right to fix the value of said money in ascertaining the amount of the judgment.

5. The copy of the receipts filed does not show what an amount of the federal currency, or the currency of Pennsylvania, tidewater money is worth.

6. A count in trover or tort, cannot be joined in the same action with a count in *assumpsit*, as has been done in this case.

For which reasons the judgment entered in this case is irregular and void, and not authorized by law nor the rule of court.

[Dewart *v.* Masser.]

On hearing, the court below discharged the rule; whereupon· the defendant sued out this writ, and assigned here the following errors :—

1. That the court erred in overruling the motion to set aside the judgment in the case, because the *narr.* filed is not sufficient to sustain the judgment entered upon it.

2. The judgment is not warranted by the rule of court allowing judgments to be entered for want of an affidavit of defence, nor by authority of law.

*Comley & Bound,* for plaintiff in error.

*H. B. Masser,* for defendant in error.

The opinion of the court was delivered, October 31st 1861, by STRONG, J.—If, as it is urged, this writ presented only an appeal to the discretion of the court, it would be fatal to the case of the plaintiff in error that he suffered more than eleven months to elapse after the entry of the judgment in the court below, before he complained that it had been erroneously entered. But the case is something more than an appeal to our discretion. A judgment was signed in the court below, for want of an affidavit of defence, avowedly according to rule, and the question now is, whether such a judgment was authorized by any rule of the court. If the plaintiff's claim was not within the rule, then the defendant was in no default for not having filed an affidavit, and the prothonotary had no authority to sign judgment. So if no· cause of action was set out in the declaration, and a declaration was requisite, there is nothing to sustain a judgment. It becomes necessary, therefore, to examine the rule, in order to know what judgments are authorized by it. It declares that in all actions brought " on bills, notes, or other instruments of writing for the payment of money, and on claims for the loan or advance of money, whether the sums be reduced to writing or. not, and for the recovery of book-debts, &c., it shall be lawful for the plaintiff, at any time after the expiration of thirty days from the return day of the writ, to enter judgment by default of course, notwithstanding an appearance by attorney, unless. the defendant shall have previously filed an affidavit of defence, setting forth the nature and character of the same," &c. It then proceeds to declare that no judgment shall be entered unless the plaintiff shall have filed with a declaration (when one is necessary) a. copy of the instrument, &c., upon which the action has been brought, and an affidavit of the terms of loans. or advances not evidenced by writing, with the date and amount, and also an affidavit of his belief of the correctness of the book-debts claimed, and the balance justly due. The claims within

the rule, therefore, are bills, notes, or other instruments of writing for the payment of money, claims for the loan or advance of money, and book-debts. There is authority to enter judgment only when the action has been brought for a claim embraced within one or more of these classes. The principal claim of the plaintiff in this case is not within either. It is based upon a transaction of which the following receipt is the evidence :—" Received, February 27th 1852, from H. B. Masser, one hundred and ninety-four dollars, in tidewater money, which I hold as security for notes I have gone his bail on. WM. L. DEWART." The declaration avers that the defendant did on that day receive from the plaintiff the sum of one hundred and ninety-four dollars, in tidewater money, to hold the same as security for notes that the defendant had gone bail on for the plaintiff, and was liable for as his bail. It then avers that the plaintiff paid and satisfied those notes on the 1st day of November, A. D. 1854; that thereupon he was entitled to receive the said sum of one hundred and ninety-four dollars again from the defendant, but that the defendant had converted the same to his own use, and thereby became liable to pay the plaintiff so much in current money. It is evident that the receipt is neither a "bill, note, or other instrument of writing for the payment of money," nor was the transaction "a loan or advance of money." Tidewater money is not money within the meaning of the rule. For aught that appears, the notes of the canal company may have been of much less value than they called for. Nor does the case show that they were received as money by the defendant. The transaction was a deposit of choses in action, and there was only an implied engagement to return the same choses, when the defendant should be discharged from the liabilities which he had assumed for the plaintiff. Moreover, the declaration bases the plaintiff's claim to recover not on the ground that the defendant had engaged to pay money, or that money had been loaned or advanced, but on the averment that he had converted to his own use securities deposited with him, and "thereby" became liable to pay "in current money." The claim, then, was not within the rule of the court, and the judgment was unauthorized.

It may be added, that the declaration is defective, so much so, that no cause of action appears in the count upon which principal reliance is placed. It does not aver that the tidewater money had any value, nor that any demand was made upon the defendant for its return after his suretyship had ceased, nor even that any notice was given to him that the notes in which he had become bail were satisfied. A bailee, who has received property to hold as security for the payment of a debt, is under no obligation to return it until demand made, or at least until he .

[Dewart *v.* Masser.]

has notice that the debt, as security for which he holds the pledge, has been discharged. The want of an averment of demand or notice is not cured in this case by a verdict. The amount of the judgment shows that the defendant was held liable for the tide water money, not only as equal in value to federal currency, but as bearing interest from November 1854, though it is not averred that he knew of the payment of the notes in which he was surety until this suit was brought. In liquidating the judgment the prothonotary must look to the record alone. How could he assume that the defendant knew, in 1854, that he no longer had a right to hold the deposit, or that he had then converted it to his own use? For these reasons the judgment must be reversed.

Judgment reversed, and a *procedendo* awarded.