## Hossler *versus* Hartman.

1. It is a sufficient compliance with the rule that "the plaintiff shall file *with* his declaration or statement, an affidavit of claim," that they be both filed at the same time, and this is not affected by their being detached, or by the place of deposit in the office.

2. An action brought by the assignee of a judgment, afterwards avoided by due proceedings had, against the assignor to recover the money paid for it, where the assignment was without express guaranty, is not such as requires an affidavit of defence under the Act of 9th April 1868.

May 4th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Common Pleas of *York county :* Of May Term 1876, No. 8.

This was an action of assumpsit, brought by Granville Hartman against Jacob Hossler.

Jacob Hossler had obtained a judgment in the Court of Common Pleas of York county, against Jonas Hossler, entered by virtue of a warrant of attorney, on 4th of August 1869, for the sum of $300, with interest from date.

Jacob Hossler assigned the judgment to Hartman by the following entry on the docket, "February 4th 1871. This judgment is now three hundred dollars with interest, from April 1st 1870. For value received I assign the same to Granville Hartman. JACOB HOSSLER."

On the 11th of April 1871, Jonas Hossler obtained a rule to open the judgment, which was made absolute, and an order on plaintiff in the judgment to file a declaration within twenty days, which was directed to be served on the plaintiff and Hartman, and in default thereof judgment of nonsuit was entered.

Hartman brought this suit against Jacob Hossler in assumpsit to recover the amount he had paid him for the judgment, $265, and filed a *narr.* in the common counts, for money lent, paid, laid out and expended, had and received, and account stated, and at the same time filed an affidavit of claim, alleging that he had purchased the judgment for $265, and although Hossler had expressly declined to guarantee the judgment, he had assured him that it would be recovered from Jonas; that the judgment was perfectly good and all right, that the money was due; that there was no defence or set off, and it had been given for full value; that the assignment had been written with a guaranty, but was stricken out; that Jonas had ap-

[Hossler *v.* Hartman.]

plied to the court, alleging that the judgment was improperly obtained, without consideration, and that he did not owe the money; of this Jacob had notice, failed to sustain the judgment and it was avoided on the grounds set forth; that the deponent, Hartman, then demanded of Jacob $265, which he had paid him for the judgment, with interest, and Jacob refused.

The *narr.* and affidavit of claim were on separate pieces of paper. The prothonotary filed the *narr.* in the usual place for them, and the affidavit in a pigeon hole labeled "affidavits," though it was usual to file them together.

The docket entry of this was, "April 20th 1872, affidavit of plaintiff of cause of action filed, same day *narr.* filed."

May 23d 1872, judgment was entered *sec. reg.* for $284.52, for want of an affidavit of defence, liquidated by the prothonotary.

A rule was obtained to show cause why judgment should not be opened on the ground,

1. That the affidavit was not filed with the *narr.*

2. The affidavit did not disclose such cause of action as came within the rule allowing a judgment to be taken for want of an affidavit of defence.

The rule of the Court of Common Pleas of York county is as follows :—

"The judgment to be taken for want of an affidavit of defence under the provision of the 1st sec. of an act entitled 'An Act in relation to pleading, &c., approved 9th April 1868, may be entered in the prothonotary's office as of course at any time after the expiration of thirty days, from the returning of the writ, or the service of the notice mentioned in said section, on compliance with the provisions of said section, the judgment to be liquidated when necessary, and entered by the prothonotary in like manner as in open court.' The words of the act in point are ' on claims for the loan or advance of money, whether the same be reduced to writing or not,' 'and on contracts for the loan or advance of money not in writing, an affidavit setting forth the terms of said loan or advance, with date and amount thereof, the plaintiff shall * * * file in the office of the prothonotary *with* his declaration or statement.' "

The court below, Fisher, P. J., refused to open the judgment because the defendant had not disclosed a defence, and held that the action was within the rule.

Error was assigned,

1. To the entry of the judgment for want of an affidavit of defence.

2. To the discharge of the rule.

3. To the ruling that the plaintiff could take judgment for want of an affidavit of defence.

*W. C. Chapman* and *H. L. Fisher*, for plaintiff in error.—The act refers to the *place* quite as much as to the *time* of filing.

[Hossler *v*. Hartman.]

Refusal to strike off a judgment entered irregularly or without authority is subject of error: Rabe *v*. Heslip, 4 Barr 139; Lytle *v*. Colts, 3 Casey 193; Garrard *v*. County of Allegheny, 2 Crumrine 338; Banning *v*. Taylor, 12 Harris 293; Adams *v*. Bush, 5 Watts 289. Relief where irregularity is *dehors* the record: Knox *v*. Flack, 10 Harris 338. An action on an *implied* contract to pay money not within the rule: Woodwell *v*. The Bluff Mining Co., 1 Casey 365; Barr *v*. Duncan, 26 P. F. Smith 395. Money paid for purchase of a judgment not a loan or advance of money.

*John Blackford* and *V. K. Keesey*, for defendant in error.—No writ of error lies to a refusal to open judgment: Jones *v*. Dilworth, 13 P. F. Smith 447; Gump's Appeal, 15 Id. 478. The testimony on rules to open judgments not before this court: Kirk's Appeal, 4 Casey 186; Spring Garden Road, 7 Wright 144. The rule in Woodwell *v*. Bluff Mining Co., 1 Casey 365, was, in all actions on *contracts* for loan of money, under the act, all *claims*.

Mr. Justice MERCUR delivered the opinion of the court May 4th 1876.

This judgment was taken for want of an affidavit of defence under the first section of the Act of 9th of April 1868, Pamph. L. 780. It authorizes judgment to be so taken, inter alia, in actions "upon bills, notes, bonds, records or other instruments of writing for the payment of money, and on claims for the loan or advance of money, whether the same be reduced to writing or not." It further declares, "but no judgment shall be entered unless the plaintiff shall, on or before the return day of the original process, file in the office of the prothonotary with his declaration or statement * * * a copy of the instrument of writing, book entries, record or claim on which the action has been brought; and on contracts for the loan or advance of money not in writing, an affidavit setting forth the terms of said loan or advance with the date and amount thereof."

This action is in assumpsit. The *narr*. contains common counts only. The docket shows that the affidavit of plaintiff's cause of action and the *narr*. were both filed on the same day. The record entry of the filing of the affidavit immediately precedes the like entry of the *narr*.

It is urged, however, inasmuch as they were not written on one piece of paper, nor attached together, and each was deposited in a separate pigeon-hole in the office, that the affidavit was not filed "with the *narr*." It is claimed that "with" in the act, means connected with or attached to the *narr*., so that the two must be kept together and deposited in the same place.

We cannot concur in that construction of the statute. We think it only means that they shall be filed at the same time. This view gives full effect to the whole intent of the statute. It does not

profess to direct the prothonotary in regard to his subsequent care or mode of keeping them.

They were filed at the same time. Being so filed, each was filed with the other. By so filing them the plaintiff discharged his whole duty. He cannot be affected by the fact that the prothonotary deposited them in different localities. Besides, the entry on the docket gives actual notice of the filing more readily than a search among the files. Any examination of the docket to see if the *narr.* was filed could not fail to disclose that the affidavit was also filed.

The remaining question is whether the cause of action is such as to require an affidavit of defence under the Act of Assembly cited.

The plaintiff in error sold and assigned to the defendant in error, a certain judgment of $300 and interest in the Common Pleas of York county. The defendant in the judgment afterwards applied to the court and got it opened on the ground that it was ".without consideration and had been improperly obtained." By due course of proceedings had, and for the. reasons alleged, the judgment was annulled and avoided.

On the sale by the plaintiff in error, there was no express guaranty of the validity of the judgment, nor any express agreement to pay back the consideration money under any circumstances. The action rests on an implied agreement that the judgment was a valid one for the amount shown on its face. Not that it was worth that much, but that it was what it purported to be, a judgment against which there was no legal defence. The claim was to recover the consideration paid with interest.

The question is not as to the right to recover under the facts alleged. That must be conceded: Lyons *v.* Divelbis, 10 Harris 185; Flynn *v.* Allen, 7 P. F. Smith 482; but whether an affidavit of defence was required.

The defendant in error contends that his demand is substantially "a claim for the loan or advance of money" under the Act of 1868, *supra.* But his affidavit shows that it was neither a loan nor an advance of money. It is therein averred to have been paid in the purchase of a judgment, and was the consideration for the sale thereof. The invalidity of the judgment is the cause of complaint. In selling the judgment, the law assumes the vendor's implied contract of its validity, as in like manner it assumes the vendor's implied warranty of his title on a sale of any personal property. Hence, on the purchase of a horse, and a failure of title, with just as much propriety might it be said, the money paid therefor, was "a loan or advance," as to so claim in the purchase of this judgment.

This action is not to recover money paid on the ground of fraud and deceit, but is to enforce an implied contract in the sale.

[Hossler *v.* Hartman.]

Suppose we should concede that there was an implied promise, which the affidavit does not aver, to repay the money in case the judgment was invalid ; yet even then it does not present a case in which an affidavit of defence is required. This conclusion is fully sustained by Dewart *v.* Masser, 4 Wright 302 ; Woodwell *v.* Bluff Mining Co., 1 Casey 365, and Barr *v.* Duncan, 26 P. F. Smith 395.

It follows, therefore, there was error in entering the judgment, and the learned judge should have stricken it off.

Judgment reversed, and a *procedendo* awarded.