# Southern Steamship Company, Appellant, *v.* Hull.

*Practice, C. P.—Pleading—Statement of claim—Affidavit of defense.*

1. An affidavit of defense is not required of the defendant where the action sounds in tort, or where it arises on an implied contract growing out of a duty resting upon the defendant.

2. In an action by a steamship company against a teamster employed by the plaintiff to transport goods an affidavit of defense is not required where the statement of claim avers that certain goods were delivered to the defendant for transportation, and that the latter had never delivered the goods and had never paid nor caused to be paid the balance of the same, and that by reason of such neglect, and of the loss or conversion of the goods by the defendant the latter became liable to the plaintiff for the same for which the suit was brought.

3. In such a case where the statement further averred that it was the custom of the defendant to present weekly or monthly statements of his drayage for the purpose of receiving compensation therefor,

but that he had not included the goods in question in any such statement, an affidavit of defense is sufficient which denies any custom of the kind alleged, and avers that the receipts which have been given to the defendant for the goods which he had delivered had all been surrendered to the plaintiff when the defendant received his pay.

4. The Act of April 18, 1874, P. L. 64, authorizing a writ of error where judgment is refused for want of a sufficient affidavit of defense, is only intended to reach clear cases of error in law and thus prevent the delay of a trial.

Argued Dec. 19, 1910. Appeal, No. 175, Oct. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T.; 1909, No. 2,639, discharging rule for judgment for want of a sufficient affidavit of defense in case of Southern Steamship Company, v. Daniel A. Hull, trading as Monarch Delivery Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment.

*James E. Hood,* for appellant.

*Henry H. Farley,* with him *Bayard S. Cook,* for appellee.

OPINION BY MORRISON, J., March 3, 1911:

This action is in form assumpsit and the plaintiff appeals from the refusal of the court below to grant judgment for want of a sufficient affidavit of defense.

Plaintiff's declaration avers that it is a common carrier and in the course of its business it frequently received shipments of merchandise from points outside of Philadelphia, by rail, billed through to destination over the said railroad and the plaintiff's line of steamships. It thereupon became the duty of the said plaintiff to receive said shipments from the said railroad companies and haul the same to its wharves in Philadelphia for shipment to their proper destination.

For this business the plaintiff employed the defendant and said defendant agreed to receive and transport the said merchandise from the points of arrival in Philadelphia to the wharves of the plaintiff in said city. The declaration then avers that at certain dates set out the railroad companies hereinafter mentioned delivered eight certain shipments of merchandise to the teamsters or servants of the defendants, who receipted therefor in the name of the Southern Steamship Company, and thereupon it became the duty of the defendant to deliver the same to the plaintiff. But the defendant, or his servants, disregarding their duty in this respect, have never delivered any of the said consignments to the plaintiff, or any part thereof, and have never paid or caused to be paid the value of the same or any part thereof, though frequently demanded. And the plaintiff avers that it thereby became liable to the consignors or consignees of said merchandise for the value thereof, and avers that the value of the said shipments is as hereinafter set forth. The declaration thereafter describes eight several consignments of merchandise, averring the value of each and concludes with an averment as follows: "By reason of which neglect and failure on part of defendant to deliver the said shipments of merchandise to the plaintiff, and of the loss or conversion thereof by him or his servants, the said defendant became liable to the plaintiff in the sum of $1259.64, together with interest from the respective dates on which the said shipments were received by the defendant or his servants."

The only other averment in the declaration which we deem material (and this only in regard to the sufficiency of the affidavit of defense), is the following: "And the plaintiff avers that it was the custom of the said defendant to present weekly or monthly statements of his drayage for the purpose of receiving compensation therefor, but that in none of the cases hereinafter mentioned, did the said Daniel A. Hull, the defendant, or any one in his behalf, include the same in his statements or bills, or make any demand for the drayage therefor."

The court below held the affidavit of defense sufficient but in our opinion the more important question is whether the plaintiff's declaration entitled it to an affidavit of defense at all. In our opinion, the cause of action set forth sounds in tort. The loss complained of either results from the negligence of the defendant, or his servants, or from the willful conversion of the merchandise by him or them, and the pleader did not have the courage to charge in the declaration that the loss was caused by negligence nor that it was caused by unlawful conversion. But he alleges that the merchandise was lost or converted by the defendant or his servants. The fundamental weakness in the contention of the plaintiff's counsel is that he seems to assume that in all actions of assumpsit an affidavit of defense is required. This is clearly not so where the action sounds in tort, or where it arises on an implied contract growing out of a duty resting upon a defendant.

In the early case of Smith v. Seward, 3 Pa. 342, it was held as stated in the syllabus: "An averment of a promise, and a consideration, are both essential to a declaration in contract. Hence, a declaration averring an undertaking in consideration that the public should be conveyed by means of defendant's ferry, and for hire, to receive and safely to convey, and that plaintiff learning said offer did use the ferry, and commit his horse to defendant, in consideration of an undertaking to convey—was held to be in tort." And while that action was in form against two persons yet a recovery was allowed and sustained against one for the reason that the action was really in tort. In Porter et al. v. Hildebrand, 14 Pa. 129, it was held that, "Foreign attachment will not lie upon a demand founded in tort. It will not lie to recover from common carriers for the loss of a trunk, where the declaration is in tort and not in contract." In Woodwell v. Bluff Mining Co., 25 Pa. 365, it was held that, "Under the rules of the district court of Allegheny county, no judgment can be entered for want of an affidavit of defense, in an action upon an implied contract to pay money."

In Dewart v. Masser, 40 Pa. 302, the Supreme Court said: "Moreover, the declaration bases the plaintiff's claim to recover not on the ground that the defendant had engaged to pay money, or that money had been loaned or advanced, but on the averment that he had converted to his own use securities deposited with him, 'thereby' becoming liable to pay in 'current money.' The claim, then, was not within the rule of the court, and the judgment was unauthorized." In Barr & Son v. Duncan, 76 Pa. 395, it was held that judgment cannot be entered for want of a sufficient affidavit of defense on an action on an implied contract to pay money. In that case Justice WILLIAMS, speaking for the court, said: "The action was not instituted on any instrument of writing for the payment of money, or on a book account or contract for the loan or advancement of money; nor was it an action of scire facias of any description, or of debt on a recognizance, judgment or other record. It is immaterial whether the action is assumpsit or case. The plaintiff's right to a judgment by default, for want of a sufficient affidavit of defense, does not depend on the form of the action, but upon the cause for which the suit was brought. Undoubtedly the defendants are liable for the value of the articles if they were lost or stolen by their negligence, because it was their duty to keep them safely. But the plaintiff is not entitled to a judgment under the rule, even if the law implies a promise or undertaking on their part to pay the plaintiff their value."

In Hossler v. Hartman, 82 Pa. 53, an action of assumpsit was brought and judgment was entered for want of an affidavit of defense. The defendant appealed and the Supreme Court reversed the judgment for the reason that the plaintiff's cause of action did not entitle him to an affidavit of defense.

It is true that the above cases were all decided under the acts of assembly and rules of courts in force prior to the passage of our procedure Act of May 25, 1887, P. L. 271. The object in citing those cases is to show the law

and practice prior to that act, and we think from its language it was not the legislative intent to enlarge the class of cases in which affidavits of defense might be required. We quote from sec. 3 of the act for the purpose of showing that it does not embrace a different class of actions than were covered by the former acts of assembly and rules of court, "which, in the action of assumpsit, shall be accompanied by copies of all notes, contracts, book entries, or a particular reference to the records of any court, within the county within which the action is brought, if any, upon which the plaintiff's claim is founded, and a particular reference to such record, or to the record of any deed, or mortgage, or other instrument of writing recorded in such county, shall be sufficient in lieu of the copy thereof." The above does not seem to enlarge the cases in which judgments can be obtained for want of an affidavit of defense, and it is very certain that it does not require affidavits of defense, even in actions of assumpsit where the cause of action sounds in tort.

The learned counsel for appellant has neither printed nor referred us to any rule of court under which he claims judgment for want of a sufficient affidavit of defense on his peculiar declaration, and, therefore, we are warranted in assuming that he plants himself upon the Act of May 25, 1887, P. L. 271. That he is not entitled to such judgment we consider abundantly demonstrated by the interesting opinion of the late Chief Justice Green in Corry v. Penna. R. R. Co., 194 Pa. 516. In that opinion we find the following: "We think an examination of the act of 1887 clearly shows that it was the intent of the legislature to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone, as they were before the act was passed, and not to extend this remedy to actions ex delicto, or in their natures ex delicto. . . . The 5th section of the act provides that, 'In the action of assumpsit, judgment may be moved for want of an affidavit of defense, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be,

in accordance with the present practice in actions of debt and assumpsit.'" In the printed argument of appellant's learned counsel we find the following: "The inference therefore would be very strong that the servants who committed the pilfering, had never informed their master that the merchandise had been delivered and was subject to charge in drayage. They had simply converted it to their own use." This is strange argument to establish the proposition that the cause of action set out in the declaration is assumpsit and calls for an affidavit of defense.

But the defendant did file an affidavit of defense and we cannot see that the plaintiff was entitled to judgment even if his cause of action was in assumpsit on a contract. The plaintiff's declaration in regard to the custom of the defendant to present weekly or monthly statements of his drayage for the purpose of receiving compensation therefor, above quoted, is expressly denied in the affidavit of defense as follows: "Your deponent denies that it was the custom to present weekly or monthly statements of his drayage to the plaintiff for the purpose of receiving compensation therefor, but on the contrary surrendered such receipts as he had received from the plaintiff for the goods which he had delivered to the plaintiff, weekly or monthly, and the plaintiff would then forward to him a check for such amount as would be due upon the calculation of the plaintiff of these receipts.

"Your deponent further avers that he delivered to the plaintiff all goods which he received from any persons to be transported to the wharves of the plaintiff company, and that the plaintiff has all the receipts which it gave to your deponent for the said goods, the same having been surrendered to the plaintiff at such times as the plaintiff paid the defendant for the hauling in the course of this business.

"Your deponent further denies that either he or his servant or agent ever failed to deliver any consignment to the plaintiff or any part thereof, etc."

Assuming the declaration to call for an affidavit of de-

fense, the learned court below was of the opinion that the affidavit was sufficient and in this view we concur, especially for the reason that the declaration refers to the receipts furnished by the plaintiff to the defendant.   But none of these receipts are attached to the declaration notwithstanding the fact that the affidavit of defense pointedly avers that all of the receipts so furnished to the defendant had been delivered to the plaintiff.   Upon this point alone the declaration was incomplete, and assuming the truth of the averment that the receipts had been delivered to the plaintiff, this alone would warrant the court in refusing judgment.

We will not be understood as deciding that the plaintiff cannot recover in assumpsit in this case because that question is not raised.

We have a long line of decisions to the effect that the Act of assembly of April 18, 1874, P. L. 64, authorizing a writ of error, where judgment is refused for want of a sufficient affidavit of defense, was only intended to reach clear cases of error in law and thus prevent the delay of a trial.   The Supreme Court has said that the instances are rare where any benefit results from appeals in such cases. The practical effect of such mode of practice is to delay instead of speeding causes and add materially to the expense of the litigants.   See Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Ætna Ins. Co. v. Confer, 158 Pa. 598.   In Ensign et al. v. Kindred and Paine v. Kindred, 163 Pa. 638, 643, the late Justice GREEN said: "We do not mean to interfere, where rules for judgment have been discharged in the lower courts, in doubtful and uncertain cases, but only in such as are very clear and free from doubt, as we have frequently said."   In our own court the same rule has been strictly followed.

We are all of the opinion that the learned court did not err in discharging the rule for judgment, and, therefore, the order is affirmed without prejudice, etc., and the appeal is dismissed at the costs of appellant.