The opinion of the Court was delivered by
Sergeant, J.
It has been contended that the matter of these pleas was not admissible under the general issue. The substance of the pleas is, that the plaintiff derives title to the goods from Wm. Linn, that they were the property of Linn at the time of the alleged trespass, and that the defendants took them under a judgment and execution against Linn. The whole matter of the defence might be given in evidence under the general issue; for that puts in issue the question of property, and if the facts averred in the pleas be true, the goods were not the property of the plaintiff. Had the goods been seized by virtue of an execution against the plaintiff, the case would be different. In such case the defendant admits the property to have been the plaintiffs, but avoids his right by virtue of the execution, and this can only be taken advantage of by a special plea. But where the execution is against a third person, not the plaintiff, there is no confession and avoidance; there is a denial of the property which may be by the general issue. The rule on the subject is thus laid down in Roscoe’s Dig. of Evidence, 377. In trespass to personal property, under the general issue, the defendant may show that the goods in question were not the property of the plaintiff. Thus in an action against the sheriff for taking the plaintiff’s goods, the defendant may show, under the general issue, that the plaintiff derives title to the goods under a bill of sale fraudulent as against creditors, and that the defendant took them under a judgment and execution against the real owners. Martin v. Codger, W. Bl. 701; Lake v. Billers, 1 Ld. Ray. 733. But when the sheriff justifies taking the plaintiff’s own goods, under a writ of execution, such justification should be specially pleaded, for the property of the goods continues in the plaintiff till execution executed; and the sheriff cannot show that he took them when they were not the plaintiff’s goods. So in 2 Phill. Evid. 221, it is said “ one of the most common defences to this action against the sheriff for taking goods in execution is, that the third person against whom the execution issued, had fraudulently assigned his effects to the plaintiff for the purpose of defeating the execution of a creditor; and this defence, it is scarcely necessary to observe, may be proved under the general *274 issue.” In the present case the defence is precisely of this character, and is therefore available on the general issue of not guilty; and the special pleas amount in effect to the general issue, and no more.
Still, though the general rule is that ¿defendant is not permitted to put in special pleas which amount to the general issue, and the Court will strike them off, yet there are exceptions. For in some cases, by the English rules, the defendant may take his choice and frame his plea so as to escape being liable to the objection. This is effected by the device of giving colour, as in these pleas is done by alleging that the plaintiff was in possession of the goods by a bailment from Linn for safekeeping, and by fraudulent conveyances from him. And where such course preserves to the defendant any serious advantage he might otherwise lose, he would, strictly speaking, be entitled to take his choice, and resort to the circuity of special pleading instead of this plain path of not guilty.
No important advantage can attend the defendant’s special pleading in the case before us, while it leads to delay and burthens the records with volumes which serve little or no purpose, but the exercise of ingenuity and learning. It is said, (Hob. 127,) that it is a good reason for pressing the general issue, instead of special pleading, that “ it makes long records where there is no cause.” In Pennsylvania this remark applies with peculiar force. The geniusof our jurisprudence is not favorable to the practice of special pleading, and the cases are rare in which the time and attention of the Court has been occupied by disputes upon it. There is no class of the profession employed peculiarly in its study, nor would our trivial attorney’s fee compensate for the labor of it. Our system has been to try causes on the general issue, with notice of the special matter: to that system our laws and practice conform: and justice, it is believed, is as well ¿dministered as where another system prevails. It is remarkable that in some of the actions which the Courts have invented and fostered as best calculated for the trial of right, such as ejectment and trover, there is'no special pleading; and in assumpsit it is not required. It is not meant by these remarks to intimate that there are not cases on which special pleas are necessary and proper, and in which the law of the case cannot be administered without them: or that an intimate knowledge of that branch of the law is not indispensable to the advocate. But where justice may be fully attained without it; where special pleading involves the cause in prolixity and delay without conferring any real benefit on him who resorts to it, the Court ought in the exercise of their legal discretion, and for the prevention of the evils that would result, to enforce the rule, that the defendant shall not plead specially what amounts to the general issue.
Special pleas struck off.