# Freeman *et al.* *versus* The School Directors of Franklin Township, Washington County.

*Discretionary Powers of School Directors.—Certiorari against, should be specially allowed.*

1. School directors have a discretionary power to send children to the schools of an adjoining district, but such power should be carefully exercised. There must be great distance and great difficulty of access to the schools of the district, before there is any right to ask to be sent to a more convenient school in an adjoining district.

2. The abuse of this discretion by the directors, will be official misconduct, but courts will be liberal in reviewing their exercise of it, and unless such abuse be clearly shown, will not interfere.

3. The *certiorari* from the Court of Quarter Sessions in this case ought not to have been taken without a special *allocatur*.

CERTIORARI to the Court of Quarter Sessions of *Washington county*.

This was an application by certain citizens of Franklin township, Washington county, under the 9th section of the Act of May 8th 1854, authorizing the Quarter Sessions to declare the seats of school directors vacant, and to appoint others in their stead, until the next annual election, where they shall neglect or refuse to perform any duty enjoined by law.

The petitioners, who were residents of sub-district No. 1, in the school district of Franklin township, adjoining the borough of Washington; claimed that, under the 9th subdivision of the 23d section of the school law of 1854, their children should be schooled in the borough of Washington. An arrangement of this kind had been made, which was revoked by the school board in June 1859. After repeated efforts to procure the consent of the school boards of Franklin and Washington school districts to this arrangement, pending which the case was submitted to the state superintendent, and which terminated in the refusal of the Franklin board to renew the arrangement; this application was made to the court, as above stated. A rule was granted on the board of directors to show cause, &c., who filed an answer, in which they set forth at length their reasons for not complying with the wish of the petitioners; to which the petitioners replied, giving their reasons why their request should have been granted by the board. It was not denied by the board, that the school-house in Washington was nearer to the most distant of the petitioners by more than half a mile than the Franklin school-house; nor that in point of safety and facility of access, the former was more convenient to them than the latter: but their refusal was put upon the ground that the petitioners were sufficiently accommodated by the present arrangement; that the change required

1 WR.—25

[Freeman *et al. v.* The School Directors of Franklin Township.]

would be a pecuniary injury to Franklin district; that, if made, district No. 1 in Franklin would have to be abandoned; that the distance and difficulty of access were not so great as to require it; and that the point had been decided by the state superintendent, to whom it had been regularly submitted, under the 46th section of the school law of 1854.

On hearing, the court below (GILMORE, P. J.) dismissed the petition at the cost of the petitioners, who thereupon sued out this writ, assigning for error the dismissal of their petition, and the refusal to grant the prayer of the petitioners.

*McKennan & Wilson* (with whom was *Acheson*), for complainant, cited and relied on the school laws of Pennsylvania, and the opinion of the state superintendent, p. 73 and 74 of decisions, and the case of Jacobs *et al. v.* The School Directors of Frederick township, Montgomery county, reported in the Pennsylvania School Journal for August 1859.

*Koontz, Gow & Murdock,* for respondents, argued that the court had no jurisdiction in the case; that it was discretionary with the board, and had been decided by the state superintendent, from whose decision there was no appeal; citing Carr *v.* Northern Liberties, 11 Casey 329.

The opinion of the court was delivered, January 7th 1861, by LOWRIE, C. J.—The school law does not leave the directors without any discretion relative to sending children to, the schools of an adjoining district, and does not seriously impair the district divisions. Each board has express discretion relative to the school *within* the district which each pupil shall attend; and it would be quite absurd to leave them without it, when there is a nearer school in an adjoining district to which the pupil wishes to go.

There must be great distance and great difficulty of access to the schools of the district, before there can be any right to ask to be sent to a more convenient school of an adjoining district; and it seems to us that there is nothing of the kind here. Whether the distance or difficulty of access is to be regarded as great or not, depends much upon circumstances,—such as the age of the children, the density of the population, and the customs of the locality, and therefore must be left, in a great degree, to the discretion of the directors; and, of course, their abuse of this discretion must be very clear before they can be adjudged guilty of official misconduct. We must be liberal and generous towards this discretion, in reviewing the exercise of it; for a strict and jealous supervision would be fatal to the discretion itself. We must not interpret the law so as to keep the directors in per-

[Freeman *et al. v.* The School Directors of Franklin Township.]

petual fear of the courts, nor so as to set them to guard against this law, by so arranging their school-houses around the district, that few or none can have a chance of claiming that any school of an adjoining district is more convenient.

We think that the dismissal of the plaintiff's petition is fully justified by the reasons assigned by the learned president of the sessions. It is well for the school system, for the peace of neighbourhoods, and for the securing of discreet men for directors, that he has so treated the case as to warn men that they must be cautious in attempting to get the courts to interfere with the discretion of the school directors.

Honourable and trustworthy men will not accept public positions, if they understand it to be the rule that all their official acts are subject to a suspicious supervision by the people, or by their official superiors. Real worth is generous in its judgment and treatment of others, and will always expect the same for itself; and will resent the contrary by refusing all public functions that are subject to it.

We must here add, that this case ought not to have been brought here without a special *allocatur.*

> Order affirmed at the costs of the petitioners, and record remitted.