## Yates versus The Borough of Meadville.

1. The provision in the General Borough Act (April 3d 1851), adding 20 per cent. to the cost of paving, &c., when done by the authorities, is penal, and the claim is not that of a mechanic under the Mechanics' Lien Law.

2. Such claim does not fall within a rule of court requiring an affidavit of defence on a sci. fa. sur mechanic's lien.

3. The affidavit rule is to be commended, but is in derogation of the right of trial by jury, and cannot be extended by construction beyond its terms.

October 21st 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of Crawford county, No. 22, to October and November Term 1866.

This was a scire facias to November Term 1865, issued by The Burgess and Town Council of the borough of Meadville against C. M. Yates on a municipal claim filed by them for constructing a sidewalk in front of property in that borough, reputed to belong to the defendant. The claim was for $121.12, and was filed by virtue of the General Borough Law, the Act of Assembly, April 3d 1851, § 2, Art. 5 and 6, Purd. 117, pl. 22, 23, Pamph. L. 320, which gives to the corporate authorities the power to " require and direct the grading, curbing, paving and guttering of the side or footwalks by the owner or owners of the lots of ground respectively fronting thereon," " and to cause the same to be done on the failure of the owners thereof:" " to collect the cost of the work and materials with 20 per cent. advance thereon

[Yates *v.* Borough of Meadville.]

from said owners, as claims are by law recoverable under the provisions of the law relative to mechanics' liens."

A rule of the Court of Common Pleas of Crawford county requires the filing of an affidavit of defence in all cases of scire facias on mechanics' liens.

The defendant, under this rule, filed an affidavit of defence, and afterwards, on a rule for that purpose, the court gave judgment for want of a sufficient affidavit of defence. This judgment was assigned for error on the removal of the case to the Supreme Court.

*P. Church*, for plaintiff in error.

*H. Henderson*, for defendants in error.

The opinion of the court was delivered, October 28th 1867, by AGNEW, J.—The scire facias in this case was founded upon a municipal claim for the cost of paving and 20 per cent. advance filed against the property of the defendant under the 6th article of the 2d section of the General Borough Law of 3d April 1851. The provision is penal in its nature in the exaction of the 20 per cent. as an advance upon the cost for the.omission of the property-owner to pave himself in front of his property. The claim is clearly not that of a mechanic for work done or materials furnished to the building under the Mechanics' Lien Law of 1836, or any of its supplements extending the act to matters done outside of the building, such as curbing. It does not therefore fall within the rule of the Court of Common Pleas of Crawford county, which requires the filing of an affidavit of defence in all cases of sci. fa. upon mechanics' claims. It is true the law directs the recovery of this municipal claim under the provisions of the act relative to mechanics' claims; but there is nothing in that law which provides for a compulsory affidavit of defence. If the defendant was bound to file such an affidavit to save himself from judgment, it was because the court had required it to be done under its general power to establish rules of practice. But the only rule of the Common Pleas of Crawford county is confined to the claims of mechanics and material-men, and does not extend to municipal claims.

Now, though the affidavit rule has been found convenient in practice, and is therefore to be commended, yet it is in derogation of the right of trial by jury, and cannot therefore be extended by construction beyond its terms. The practice in Philadelphia, or in other places where the District Court law is extended, furnishes no guide. It is founded upon an Act of Assembly, which, by the Act of 12th March 1842, is extended to " other claims under any other act extending the provisions of the said last-

mentioned act (viz., the Mechanics' Lien Law), and all former proceedings in said court, so far as they are founded on such construction, are hereby confirmed:" Purd. 1861, 117, pl. 10.   The judgment in this case being irregular, it is unnecessary to inquire into the terms of the affidavit itself.

      Judgment reversed, and a *procedendo* awarded.