## Barr & Son *versus* Duncan.

1. A rule of court provided, in actions on bills, notes, bonds or other instruments of writing for payment of money, book accounts, and contracts for loan or advance of money, scire facias on mortgages and mechanics' liens, debt or scire facias on recognisances, judgments or other records, that if the plaintiff file an affidavit stating the amount due him, and specification of his claim, &c., "he shall have judgment unless the defendant shall file an affidavit of defence setting forth specifically the nature and character of his defence." *Held*, that under this rule judgment cannot be taken for want of an affidavit of defence in an action by a guest against an innkeeper for money lost by the latter's negligence.

2. The plaintiff's right to judgment for want of an affidavit of defence does not depend upon the form of action but the cause of action.

3. Judgment cannot be entered for want of an affidavit of defence, in an action on an *implied* contract to pay money.

4. Woodwell *v.* Bluff Mining Company, 1 Casey 365, recognised.

October 6th 1874. Before Agnew, C. J., Sharswood, Williams, Mercur and Gordon, JJ.

Error to the District Court of *Allegheny county:* Of October and November Term 1874, No. 52.

This was an action on the case, commenced December 9th 1873, by Samuel Duncan against J. G. Barr *et al.*, trading as J. G. Barr & Son.

The affidavit of claim was :—

"S. A. Duncan, being duly sworn, says that J. G. Barr & Son, proprietors of the Central Hotel, Pittsburg, are indebted to him in the sum of $141, with interest thereon from November 6th 1873, which said indebtedness arises as follows, viz. : On the night of November 5–6, affiant was a guest at said hotel of plaintiffs, and as such occupied a room therein ; that upon retiring affiant locked the door of his said room, the bolt provided for said door being useless by reason of the absence of the hasp or socket by which the bolt is made to fasten the door ; that on the morning of November 6th deponent, upon awaking, found that the door of his room had been unlocked, and some bank-notes and a watch, chain and locket stolen therefrom ; that said watch was the ordinary time-keeper carried by affiant upon his person, and said chain and locket were attached thereto. That said J. G. Barr & Son have paid to affiant the money thus stolen or taken from him, but

refuse to pay to him the value of said watch, chain and locket; that said watch, chain and locket were worth the said sum of $141."

The affidavit of defence was:—

"J. G. Barr, one of the above-named defendants, being duly sworn according to law, says that the defendants above named have a full, just and legal defence against the whole of the plaintiff's claim, the nature of which is as follows, viz. : The defendants are innkeepers of the city of Pittsburg, county aforesaid ; that the plaintiff was, as they believe, a guest at their hotel or house, at the time stated by him in his affidavit of claim ; that they had at the time, and for a long period before that time and since, a good, sufficient and secure safe in the office of their said house or hotel, for the safe-keeping of any money, goods, jewelry and valuables belonging to their guests; that they had at that time a notice placed in the lodging-rooms, parlor and public hall of their said hotel, in conspicuous places, stating the fact that they had such a safe provided for the purpose of depositing goods, money, jewelry and valuables belonging to their guests, and that they, the said proprietors, would not be responsible for said money, goods, jewelry and valuables, unless deposited in said safe; and that said notice was posted in the room occupied by said plaintiff on the night he alleges the loss of his said watch, chain and locket, and that there was also a notice posted in said room, according to the Act of Assembly, in such case made and provided, requiring guests to lock and bolt their doors, and when leaving the room to leave the key at the office ; that the said room had good, substantial and serviceable fastenings for both doors and windows, which, if properly used by said plaintiff, would have fully protected him from the said loss ; and therefore the said defendants say they have a full and good defence to the whole of said plaintiff's claim."

Rule 65 of the District Court of Allegheny provides, in actions on bills, notes, bonds or other instruments of writing for the payment of money, book-accounts and contracts for the loan or advance of money; of scire facias on mortgages and liens of mechanics and material-men ; of debt or scire facias on recognisances, judgments or other records, "that if the plaintiff shall file an affidavit, stating the amount he verily believes to be due from the defendant, with a statement or specification of the same (his claim), if the same be not in writing, then the plaintiff shall have judgment, unless the defendant shall file an affidavit of defence setting forth specifically and at length the nature and character of his defence."

The court (White, J.) entered judgment for want of a sufficient affidavit of defence.

The defendants took a writ of error, and assigned for error the entering of the judgment.

[Barr v. Duncan.]

*G. W. De Camp*, for plaintiffs in error.

*S. A. McClung*, for defendant in error.

Mr. Justice WILLIAMS delivered the opinion of the court, November 19th 1874.

This case does not come within the rule of the District Court (Reg. 65, sect. 2) authorizing the entry of a judgment by default, at any time after the return-day and ten days service of the writ, unless the defendant should have previously filed an affidavit of defence stating therein, specifically and at length, the nature and character of the same. By its very terms the rule applies only to actions on bills, notes, bonds or other instruments of writing for the payment of money, book accounts and contracts for the loan or advance of money ; to actions of scire facias on mortgages and liens of mechanics and material-men, under the Act of March 17th 1836, and its supplements, and to actions of debt or scire facias on recognisances, judgments or other records. The action in this case was brought to recover the value of a gold watch, chain and locket alleged to have been stolen from the room occupied by the plaintiff as a guest in the Central Hotel, in the city of Pittsburg, of which the defendants below were the proprietors. The affidavit of claim sets out the circumstances under which the articles were stolen, and avers that they were worth one hundred and forty-one dollars. It is clear that the cause of action is not embraced in any of the specifications in the rule. The action was not instituted on any instrument of writing for the payment of money, or on a book account or contract for the loan or advance of money ; nor was it an action of scire facias of any description, or of debt on a recognisance, judgment or other record. It is immaterial whether the action is assumpsit or case. The plaintiff's right to a judgment by default, for want of a sufficient affidavit of defence, does not depend on the form of the action, but upon the cause for which the suit was brought. Undoubtedly the defendants are liable for the value of the articles if they were lost or stolen by their negligence, because it was their duty to keep them safely. But the plaintiff is not entitled to a judgment under the rule, even if the law implies a promise or undertaking on their part to pay the plaintiff their value. In Woodwell v. The Bluff Mining Company, 1 Casey 365, this court decided that under the rule in question no judgment can be entered for want of an affidavit of defence in an action upon *an implied* contract to pay money. The defendant in that case was the owner of stock in the company upon which the directors, in pursuance of the by-laws, had made various assessments, and the action was brought to recover the amount. The District Court entered judgment for the plaintiff for want of a sufficient affidavit of defence. This court reversed the

[Barr *v.* Duncan.]

judgment, saying at the outset of the opinion : " It is unnecessary to consider the sufficiency of the affidavit, for this was not a case in which an affidavit of defence was legally required." Nor is the case within the first section of the rule which provides that in all actions of debt or assumpsit, and covenant for a sum certain, when the plaintiff shall file with his præcipe an affidavit stating the amount verily believed to be due from the defendant, he shall be entitled to judgment, or for want of appearance, unless defendant shall file an affidavit of defence with his appearance. This rule, as is obvious, does not require the defendant to file a specific, but only a general affidavit of defence, in default of which the plaintiff is entitled to judgment, or for want of appearance. Under this rule no judgment can be rendered by default for want of a specific affidavit of defence, and the question of the sufficiency of the affidavit cannot be raised if it avers that the defendant has a good and valid defence to the plaintiff's claim. Nor has the second section of the fifth rule any application to this case. It was not intended to authorize the entry of a judgment in default either of a general or specific affidavit of defence. Its sole purpose was to dispense with the necessity of proving the items specified in the plaintiff's claim, when not directly traversed by the affidavit of defence. It admits the sufficiency of a general affidavit in such case, but declares that it shall be deemed and taken as a confession of the plaintiff's cause of action, or so much thereof as is not traversed, and a claim that the defendant has a just defence by way of avoidance thereof.

If, then, the judgment entered in this case was not authorized by any rule of the District Court, it is unnecessary to consider whether the facts set out in the affidavit of defence would, if true, be a defence to the plaintiff's action.

Judgment reversed, and a *procedendo* awarded.