## Gottman *et al. versus* Shoemaker *et al.*

To entitle a plaintiff to judgment for want of a sufficient affidavit of defence, under a rule of court, he must have complied with all the requirements of the rule, and if it appears that he has not done so a judgment entered in his favor is erroneous.

November 19th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1877, No. 41.

Covenant by D. O. Shoemaker and others, against Henry Gottman and others, on a guarantee in a mortgage executed by the defendants. The defendants having filed an affidavit of defence the court entered judgment against them because of its insufficiency when they took this writ, and alleged that the court erred in thus entering judgment, for the reason that the plaintiffs had not complied with the rule of court, which required that either a copy of the mortgage should be filed or that a reference should be made either in the præcipe or declaration to the office, book or page where it was recorded.

The rule of court is as follows :—

" In all actions founded on book accounts, bills, notes, bonds and other instruments of writing for the payment of money, and in all actions upon covenants or contracts for the payment of money, or for the performance of some other duty or thing of a specified cash value, whether under seal or not; in all suits upon recognisances, judgments, mortgages, mechanics' liens and other records, and in actions of debt upon foreign judgments, and the judgments of justices of other states, if the plaintiff shall have filed a copy of the account or instrument of writing on which the suit is founded, on or before the return-day of the writ, he shall be entitled to a judgment by default for the amount so claimed, at any time after twenty days from and after the return-day of the writ, unless the defendant, or some one for him, knowing the facts, shall have filed an affidavit of defence, in which the nature and character of the defence shall be clearly and specifically stated.

" Provided, That in suits upon recognisances and instruments on record in any of the courts or offices in the county, a full copy thereof need not be filed, if the præcipe or *narr.* contain a full reference to the office, book and page where the same may be found."

[Gottman *v.* Shoemaker.]

*Guthrie & Byles*, for plaintiffs in error.—To obtain the benefit of the rule the plaintiffs must have complied with all the conditions it imposes. The fact that the defendants filed their affidavit of defence does not exonerate the plaintiffs from the positive requirements of the rule.

*Thomas Roddy* and *Roe Reisinger*, for defendants in error.— The declaration contained a sufficient statement of the claim against the defendants below to inform them of its character and to meet the requirements of the rule of court, and was considered by the court below a sufficient compliance with the rule, and this court will not interfere unless manifest injury or injustice would be the result. Each court is made the judge of its own rules of practice, and their construction of their rules is accepted as conclusive. It is only where wrong is manifest that their discretion will be interfered with or invaded : Kountz *v.* Citizens' Oil Refinery Co., 22 P. F. Smith 396 ; Gannon *v.* Fritz, 29 Id. 307.

Mr. Justice Mercur delivered the opinion of the court, January 7th 1878.

This was an action of covenant on a mortgage. Judgment was taken for want of a sufficient affidavit of defence. The first assignment of error presents the question whether any affidavit of defence was required under the rule of court. In all actions founded, inter alia, on instruments of writing for the payment of money, or on mortgages, it declares the plaintiff shall be entitled to judgment by default unless an affidavit of defence be filed, if he shall have filed a copy of the instrument of writing on which the suit is founded, on or before the return-day of the writ. It further provides, that in suits on instruments on record in any of the courts or offices in the county, a full copy thereof need not be filed if the præcipe or *narr.* contain a full reference to the office, book and page where the same may be found.

In this case the action was founded on an instrument of writing. No copy of it was filed. Neither the præcipe nor the *narr.* contained any reference to any office, book or page where the same could be found. The plaintiffs below had therefore clearly failed to perform an act which was essentially necessary to impose on the defendants the duty of making an affidavit of defence. It is so manifest that the defendants in error were not in a condition to invoke the aid of the rule, we must infer that this fact was not brought to the attention of the court below. The necessity for an affidavit of defence must have been assumed, and its sufficiency only considered. An omission, however, to then state an objection so clearly shown by the record does not now preclude the plaintiffs in error from urging it as a ground of objection to the judgment. It was the duty of the defendants in error to show they had com-

[Gottman v. Shoemaker.]

plied with all the requirements of the rule necessary to entitle them to a judgment. They should have shown it then; they must show it now, or the judgment cannot be sustained.

It is unnecessary to elaborate this case. No argument can make the error more clear than a simple statement of the facts. The defendants in error had no right to ask for an affidavit of defence; the other party was under no obligation to file one. As the case goes back for trial, it is not necessary to consider the facts averred in the affidavit, nor to review the other assignments.

Judgment reversed, and a *venire facias de novo* awarded.