## Bartoe *v.* Guckert et al., Appellants.

*Affidavit of defence—Judgment—Practice, C. P.*

Where plaintiff is not entitled to judgment for want of an affidavit of defence, he is not entitled to judgment for want of a sufficient affidavit of defence.

*Affidavit of defence—Penalties—Plugging oil well—Act of June* 10, 1881.

In an action to recover the penalty of $200 for not properly plugging an abandoned oil well, in violation of the act of June 10, 1881, P. L. 110, § 2, defendant is not required to file an affidavit of defence. If he does so, judgment cannot be taken against him for want of a sufficient affidavit of defence.

Argued Oct. 16, 1893. Appeal, No. 27, Oct. T., 1893, by defendants, William Guckert and John A. Steel, trading as Guckert & Steel, from order of C. P. Butler Co., June T., 1892, No. 33, entering judgment in favor of plaintiff, C. E.

Bartoe, for want of sufficient affidavit of defence.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for penalty under act of June 10, 1881, for failing to plug abandoned oil well.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment.

*S. F. Bowser*, for appellants, cited: Yates v. Borough of Meadville, 56 Pa. 22; Barr & Son v. Duncan, 76 Pa. 395; Hutchinson v. Woodwell, 107 Pa. 518.

*T. C. Campbell*, for appellee, filed no paper-book.

PER CURIAM, October 30, 1893:

This was an action to recover the penalty of $200 for not properly plugging an abandoned oil well, in violation of the provisions of the second section of the act of June 10, 1881, P. L. 110. A statement of the plaintiff's claim was filed, and the defendants filed an affidavit of defence and also a paper denying the right of the plaintiff to require an affidavit of defence, or to have a judgment for want of a sufficient affidavit of defence. The learned court below concluded that the defendants were not obliged to file any affidavit of defence because the action was not an action ex contractu, but held that the defendants waived the right to resist judgment on that ground by having filed the affidavit, and thereupon gave judgment against the defendants for want of a sufficient affidavit of defence. That this could not be done has been emphatically decided by this court and is manifest upon the plainest considerations. If there was no right to a judgment for want of any affidavit of defence, there certainly could not be a right to judgment for want of a sufficient affidavit. In Hutchinson v. Woodwell, 107 Pa. 509, we said: "The first question is, was the plaintiff below entitled to a judgment if no affidavit of defence had been made? If he was not, the judgment for want of a sufficient affidavit of defence must be reversed, for in such case no affidavit of defence is required

from the defendant: Gottman v. Shoemaker, 86 Pa. 31; Strock v. Commonweath, 90 Id. 272. The filing of one is no waiver of an objection to the sufficiency of the plaintiff's affidavit of claim." This court held the same doctrine in the case of Yates v. The Borough of Meadville, 56 Pa. 21, and again in Barr v. Duncan, 76 Pa. 395, in which it was said: "If then the judgment entered in this case was not authorized by any rule of the district court, it is unnecessary to consider whether the facts set out in the affidavit of defence would, if true, be a defence to the plaintiff's action." The question is too plain to require further discussion.

Judgment reversed and procedendo awarded.