## BRADY v. OSBORN ENGINEERING CO.

### (Circuit Court, M. D. Pennsylvania. September 24, 1904.)

### No. 2.

**1. ASSUMPSIT—PLEADING UNDER PENNSYLVANIA STATUTE—AFFIDAVIT OF DEFENSE.**

The Pennsylvania Procedure Act of May 25, 1887 (P. L. 271), which provides that in the action of assumpsit the plaintiff's statement shall be replied to by affidavit, but which also includes in such action all demands formerly recoverable in debt or covenant, as construed by the Supreme Court of the state, entitles a plaintiff to judgment for want of an affidavit of defense only in actions on demands which are liquidated and certain, or which can be made so by proper averments; and an affidavit of defense is not required in an action to recover damages for the breach of a contract by defendant's failure to perform it in a proper manner.

**2. SAME.**

In an action in which no affidavit of defense is required under the Pennsylvania statute (P. L. 271), a plaintiff is not entitled to judgment on the ground that an affidavit of defense filed is insufficient.

At Law. On rule for judgment for want of a sufficient affidavit of defense.

J. C. Johnson, for plaintiff.
C. LaRue Munson, for defendants.

ARCHBALD, District Judge. By the Pennsylvania Procedure Act of May 25, 1887 (P. L. 271), it is provided that in the action of assumpsit the plaintiff's statement shall be replied to by affidavit; but as this action, by the same, is made to include all de-

¶ 1. See Contracts, vol. 11, Cent. Dig. § 1704.

mands theretofore recoverable in debt or covenant, the existing distinctions being declared to be abolished, the courts have not followed it literally, and notwithstanding its positive mandate have modified it materially by judicial construction. In Osborn v. First National Bank, 154 Pa. 134, 26 Atl. 289, suit was brought to recover the penalty given by act of Congress for taking usurious interest; the action being assumpsit. An affidavit of defense was demanded, but it was held that it was not required, the action being substantially one of debt for a penalty, ex delicto, and not ex contractu, in character. "It is assuming too much to say," says Green, J., "that because the action by which a recovery must be had for a penalty is assumpsit, under the act of 1887, therefore debt for a penalty is to be treated as if it were debt for an obligation arising ex contractu." In Bartoe v. Guckert, 158 Pa. 124, 27 Atl. 845, the action was assumpsit for the penalty of $200 given by the Pennsylvania Act of June 10, 1881 (P. L. 110), for failure to properly plug an abandoned oil well, and a similar ruling was made. In Corry v. Pennsylvania Railroad, 194 Pa. 516, 45 Atl. 341, the plaintiff's trunk was rifled of its contents at the defendant's station, and damages were sought to be recovered because of its negligent keeping. But it was held that, although in form assumpsit the action was essentially ex delicto, and that no affidavit was required in consequence. "It seems to us quite clear," says the court, "that it was intended to limit the actions of assumpsit for which judgment may be asked for want of an affidavit of defense to such only as were founded upon contract alone. There is nothing in the language of either section [of the act] which contemplates cases in which the cause of action may be ex delicto, or of a mixed character, containing an element of contract and an element of tort. The plain inference from the language of both sections is that it was the intention of the Legislature to limit this remedy to causes of action which were either actually in writing, or contracts the whole details of which could be plainly set down in writing, with particular terms and limitations, so that the liability for the payment of a definite sum of money could be expressed. Where the element of negligence enters into the relation of the parties, indefinite and uncertain damages, depending not on any stipulations of the parties, whether express or implied, but on the uncertain verdicts of juries, become substituted as the foundation of the right of recovery."

This exposition of the law rules the present case. According to the written proposals set out in the declaration, the defendants were to make plans for and supervise the overhauling and putting in proper working order of the plaintiff's mines and connected coke ovens at Emporium, Pa. But the action is not for the failure on the part of the defendants to perform this contract, but for their failure to perform it as they ought. It is based on the implied undertaking that they were possessed of, and would exercise, the necessary professional skill to do the work properly. If there was a lack of this, by which the plaintiff was injured, he is entitled to damages, but the difficulty is that for the purposes of the present rule there is nothing in the contract or outside of it by which these

can be measured. They must, of necessity, be submitted upon suitable evidence to the determination of a jury, by whom alone they can be fixed. It is conclusive of the question that if judgment were now given in favor of the plaintiff, it would be impossible to say for what amount it should be entered. It is true that an attempt is made by the plaintiff to specify the damages, which are declared to be so much with respect to one piece of work and so much with respect to another. But even if these amounts could be accepted—as of course they cannot—they are not consistent with the general claim for damages at the end, where $100,000 is asked for, although the separate items foot up to over $200,000. It is manifest that the affidavit of defense law was not intended for such a case. It is only where the action proceeds for a sum certain, or for that which by proper averments can be made so, that it has effective place, and to that it must be confined. Where the demand, as here, is for damages which cannot be liquidated by reference to any definite standard, no affidavit is required.

It is not important to consider, therefore, whether the affidavit which has been filed in the present instance discloses a defense or not. The plaintiff would not have been entitled to judgment had there been none whatever, and he has no better right because the affidavit is bad. Bartoe v. Guckert, 158 Pa. 124, 27 Atl. 845.

The rule for judgment is discharged.