## Rosenblum *v.* Stolzenberg, Appellant.

*Practice, C. P.—Affidavit of defense—Defective statement of claim—Pleading.*

Where the declaration is defective, the defendant is not required to file an affidavit of defense; but if he does and the affidavit is itself defective, judgment will not be entered against him.  The declaration must be self-sustaining.

In an action on a building contract the plaintiff is not entitled to judgment in the absence of an averment of full compliance with the terms of the written contract under which he did the work and furnished the materials, in the absence of an averment of waiver by the defendant.

A declaration for extra work and materials is not sufficient to call for an affidavit of defense if it does not aver any contract on the part of the defendant to pay for extra work and materials, or that the defendant requested the plaintiff to furnish extras in the line of work and materials, and there is no clear averment that all of the so-called extras were not included in the written contract, nor any averment that the prices charged were reasonable and just, or the usual and ordinary charges for such work and materials.

Argued April 28, 1908.   Appeal, No. 173, April T., 1908, by defendant, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 516, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Samuel Rosenblum for use of Union Manufacturing & Supply Company v. S. Stolzenberg.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Assumpsit on a building contract and for extra work and materials.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Robert Woods Sutton*, with him *Watson & Freeman* and *R. P. Tannehill*, for appellant.—The general rule in Pennsylvania is that in order to be sufficient to prevent judgment, an affidavit of defense need only be as specific as the statement, and its denials as broad and specific as the averments in the statement against which it is directed: McPherson v. Allegheny National Bank, 96 Pa. 135, 139; Friel v. Custer, 23 Pa. Superior Ct. 466; Deacon v. Smaltz, 10 Pa. Superior Ct. 151; Historical Publishing Co. v. Hartranft, 3 Pa. Superior Ct. 59.

*F. C. McGirr*, of *Marron & McGirr*, for appellee, cited: Mack

Paving Co. v. Young, 166 Pa. 267; Pittsburg v. MacConnell, 130 Pa. 463; Erie City v. Butler, 120 Pa. 374.

OPINION BY MORRISON, J., July 15, 1908:

This is an appeal by defendant from a judgment against him for want of a sufficient affidavit of defense. The learned court below filed no opinion, and, therefore, we do not have the benefit of any reasons in support of the judgment. An examination of the declaration and the affidavit of defense leads us to the conclusion that the case ought to have gone to a jury. The declaration is loosely and defectively drawn, especially as to the claim for extra work. It is so defective as to excuse the defendant from filing any affidavit of defense.

The declaration avers the doing of work and furnishing materials to the amount of $700, under a written contract, except one bath tub amounting to $51.37, which plaintiff admits was not furnished as the contract requires. The declaration avers a credit to the defendant of the latter amount, but no excuse is set up for not furnishing the bath tub in accordance with the contract. The specifications, made a part of the contract, contain the following specific requirements on the part of the plaintiff:

"These specifications are made by the owner, and are all to be approved and work must be done according to rules and regulations and a certificate of final inspection furnished to owner before any payment is made.

"The plumber should figure on all floors or any patching that he may tear out or destroy during the progress of his work. Everything must be replaced by him in first class condition. He is also to haul all dirt away accumulated by his work and leave the building broom clean.

"The plumber is to complete the job in full satisfaction to the sanitary plumbing rules."

"If any dispute should arise during the progress of said work between the contractor and owner same to be settled by arbitration of three; same to be final, from which there is no appeal.

"We, the undersigned, do hereby agree this —— day of

April, A. D. 1907, to do all the above specified work in a work-manlike manner and complete the same by May 1st. Same to be under a penalty of $25.00 from contractor to owner per day for every day thereafter, and for every day it may be done before the 1st of May the owner is under penalty to pay $5.00 per day to plumber. All above specified work to be done for the sum of ———— dollars."

But the declaration does not aver a compliance with the above specifications. The general averment in the declaration that plaintiff "immediately began work under said contract and fully completed the same in the month of May, 1907, with the exception of one bath tub amounting to $51.37," is denied by the affidavit of defense in as strong language as that used in the declaration in that respect.

The plaintiff is not entitled to judgment in the absence of an averment of full compliance with the terms of the written contract under which he did the work and furnished the materials, in the absence of an averment of waiver by the defendant. We do not think the plaintiff's declaration for extra work and materials is sufficient to call for an affidavit of defense. It does not aver any contract on the part of the defendant to pay for extra work and materials; it does not even aver that the defendant requested the plaintiff to furnish extras in the line of work and materials; it does not clearly aver that all of the so-called extras were not included in the written contract. The statement of work and materials attached to the declaration and made part of it, is not a copy of a book account; it contains no dates and there is no averment that the defendant agreed to pay for the same nor of any facts rendering him liable to pay therefor, nor that the prices charged are reasonable and just or the usual and ordinary charges for such work and materials.

It is urged in appellee's argument that the affidavit of defense only denies the extra work charged in the declaration, not denying that the plaintiff furnished the materials. But the statement of items made a part of the declaration, as to the extras, is plainly headed: "Amount of contract as agreed to $700." Then follows: "Extra work." The plaintiff ought

not to complain that the affidavit of defense only denies the extra work in as much as his bill of items is headed "Extra work."

While the affidaxit of defense is not above criticism, the same may be said of the declaration. The latter is so badly drawn that the affidavit sufficiently denies its averments. Where the declaration is defective, the defendant is not required to file an affidavit of defense; but if he does and the affidavit is itself defective, judgment will not be entered against him. The declaration must be self-sustaining: Bill Posting Sign Co. v. Jermon, 27 Pa. Superior Ct. 171; Tourison v. Engard, 30 Pa. Superior Ct. 179.

The assignments of error are sustained and the judgment is reversed without prejudice as to a jury trial and procedendo awarded.