## Maiorana *v.* Sacchetti, Appellant.

*Practice—Practice, C. P.—Practice Act of 1915—Appeals from justices of the peace.*

The Act of May 14, 1915, P. L. 483 (Practice Act) does not apply in cases of appeals to the common pleas from judgments of justices of the peace.

Argued December 2, 1919. Appeal, No. 149, Oct. T., 1919, by defendant, from judgment of C. P. Northampton County, Dec. T., 1917, No. 41, on verdict for plaintiff in the case of Joseph Maiorana v. Onofrio Sacchetti. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before STEWART, P. J.

The plaintiff having filed no affidavit of claim, in accordance with the provisions of Practice Act of 1915, the defendant, before the jury was sworn, moved to have

the appeal dismissed, and when the plaintiff was called as a witness in his own behalf, the defendant objected to his being sworn and to his testifying in the case. The motion to dismiss the appeal was denied and the plaintiff permitted to testify.

Verdict for plaintiff for $166.04, and judgment thereon. Defendant appealed.

*Errors assigned* were refusal of defendant's motion to dismiss the plaintiff's appeal, because the affidavit of claim was not filed as required by the Practice Act of 1915.

*George W. Geiser,* for appellant.—The Practice Act of May 14, 1915, P. L. 483, applies to appeals from judgments of justices of the peace: Miller & Co. v. Satterly, 27 Dist. Rep. 338; Lincoln v. Reading Electric Co., 9 Berks Co. L. J. 133; Ege v. Arnold, 27 Dist. Rep. 974; Richey v. Maurer, 26 Dist. Rep. 832.

*William Fackenthal,* for appellee.

OPINION BY TREXLER, J., February 28, 1920:

The Act of May 14, 1915, P. L. 483, is as its title expresses, an act relating to practice in the courts of common pleas, etc.

In its first section it limits its application to actions of assumpsit and trespass—"brought in" any court of common pleas. Are the proceedings in appeal from the judgment of a justice of the peace to be regarded as an action "brought in" the court of common pleas? If they are, it follows that the plaintiff in such action must file a statement, as provided by the act.

The court below took the view that the act did not apply. The decisions of the lower courts are not harmonious. The words "brought in" are equivalent to instituted or begun. They have a phrasal meaning which is distinctive and well known. The idea of taking from

one place to another is properly expressed by the employment of the word "bring" but it has not that meaning by any usage when the word is applied to a lawsuit. To "bring" suit is to initiate. A suit is brought when it is commenced: "Words and Phrases," Vol. 11, page 875. The argument that uniformity is desirable might be entitled to consideration if the legislative expression were obscure, but the act is plain. If its provisions were to apply to all suits in the common pleas, that idea could have been well expressed by the omission of the words "brought in" for a suit is a suit until it be ended, but a suit is "brought" or begun but once. It is not "brought in" a justice court and again when it is appealed to the common pleas.

The argument that on an appeal from a justice of the peace the case is tried de novo has little force for as was said in Deihm v. Snell, 119 Pa. 316, "It is nevertheless the same case,—the cause of action remains the same."

As to the objection that the plaintiff's book of original entries was admitted as proof of delivery of the goods to the defendant without the production of shipping receipts, we know of no case that has changed the law that the books import delivery. They are prima facie proof of that fact.

The assignments of error are overruled and the judgment is affirmed.