# Commonwealth ex rel. French v. Foley, Appellant.

*Practice, C. P.—Justices of the peace—Appeals—Actions for penalties—Wrongful detention of milk cans—Act of May 4, 1889, P. L. 84—Insufficient statement.*

The Practice Act of 1915 does not apply to appeals from justices of the peace or aldermen, and on such an appeal, in an action for a penalty, the defendant is not required to file an affidavit of defense.

In an action for a penalty under the Act of May 4, 1889, P. L. 84, to prevent and punish the wrongful use of milk cans, the plain-

254    COM. ex rel. FRENCH *v.* FOLEY, Appellant.

tiff's statement is insufficient, when it does not aver that the milk cans, alleged to have been used by the defendant, were stamped with the name and residence of the owner, and were wilfully used by the defendant without permission of the owner.

Argued March 2, 1920. Appeal, No. 1, March T., 1920, by defendant, from judgment of C. P. Lackawanna County, Oct. T., 1918, No. 879, in favor of plaintiff for want of a sufficient affidavit of defense in the case of Commonwealth of Pennsylvania ex rel. R. L. French v. A. L. Foley. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for penalty for illegal use of milk cans of another under Act of May 4, 1889, P. L. 84. Before O'NEILL, J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*A. A. Vosburg,* for appellant.—An affidavit of defense is not required in an action for a penalty, and no judgment can be entered for want of a sufficient affidavit of defense: Osborn v. Bank, 154 Pa. 134; Glass Co. v. Bank, 10 Co. Ct. 565; Moyer v. R. R. Co., 19 Co. Ct. 383; Bartoe v. Guckert, 158 Pa. 124; Hutchinson v. Woodwell, 107 Pa. 509; Barr v. Duncan, 76 Pa. 395.

*W. W. Watson,* for appellee.

OPINION BY KELLER, J., April 24, 1920:

This appeal must be sustained. We have held in the case of Maiorana v. Sacchetti, 73 Pa. Superior Ct. 510, that the Practice Act of 1915, (P. L. 483), does not apply to appeals from a justice of the peace or alder-

COM. ex rel. FRENCH v. FOLEY, Appellant.    255

253, (1920).]          Opinion of the Court.
man.  Under  prior  practice  acts  an  affidavit  of
defense  was  not  required  in  an  action  for  a  pen-
alty:  Osborn  v.  First  National  Bank,  154  Pa.  134;  and
judgment  for  want  of  a  sufficient  affidavit  of  defense
could  not  be  entered  in  such  an  action,  even  if  an  affi-
davit  of  defense  was  filed:  Bartoe  v.  Guckert,
158  Pa.  124.  Furthermore,  the  plaintiff's  statement
is  not  self-sustaining  and  will  not  support  a  judgment
for  want  of  a  sufficient  affidavit  of  defense:  Rosenblum
v.  Stolzenberg,  36  Pa.  Superior  Ct.  644.  The  action
was  based  on  an  alleged  violation  of  the  Act  of  May  4,
1889,  P.  L.  84,  to  prevent  and  punish  the  wrongful  use
or  detention  or  misappropriation  of  milk  cans,  etc.  The
act  forbids  any  person  from  wilfully  detaining  for  his
own  use  or  having  in  his  possession  without  the  consent
of  the  owner  any  milk  can,  etc.,  belonging  to  another
and  having  the  name  and  residence  of  the  owner  stamped
thereon.  The  fifth  section  provides  that  any  person  hav-
ing  in  his  possession  any  milk  can,  belonging  to  another,
without  the  permission  of  the  owner  to  use  the  same,  "in
violation  of  the  preceding  sections  of  this  act,"  shall  for-
feit  and  pay  the  sum  of  ten  dollars  for  each  article  so
held  and  used,  etc.  The  plaintiff's  statement  failed  to
aver  that  the  milk  cans  alleged  to  have  been  used  by  the
defendant  were  stamped  with  the  name  and  residence  of
the  owner  and  were  wilfully  used  by  the  defendant  with-
out  the  permission  of  the  owner.

The  assignment  of  error  is  sustained  and  the  judg-
ment  of  the  court  below  is  reversed,  with  a  procedendo.