## Maiorana v. Sacchetti.

*Appeal from taxation of costs — Cost of printing paper-book — Act of April 27, 1909.*

1. Under the Act of April 27, 1909, P. L. 263, the cost of printing the appellee's paper-book for the Superior Court will be allowed, notwithstanding it is admitted that the appellee only served his book on appellant at the time of argument in that court.

2. Rules of court are under the control of the court that made them. On a question of taxation of costs, the prothonotary cannot penalize a party for a violation of the rules of the Superior Court.

Appeal from taxation of costs by prothonotary. C. P. Northampton Co., Dec. T., 1917, No. 41.

*William Fackenthal,* for plaintiff; *George W. Geiser,* for defendant.

STEWART, P. J., June 5, 1922.—This is an appeal from a taxation of costs by the prothonotary. The appellant's specification of error is: "The Prothonotary erred in sustaining the objection of the defendant to the plaintiff's cost of printing the paper-book, amounting to $30.00." It appeared that the defendant had taken an appeal to the Superior Court from a judgment in this court on a verdict in favor of the plaintiff, which appeal was affirmed in 73 Pa. Superior Ct. 510. Counsel for the plaintiff, the appellee in the Superior Court, neglected to serve his paper-book on counsel for the defendant until the day the case was called for argument in the Superior Court. Counsel for defendant stated that he moved the Superior Court to suppress the paper-book because of the delay, but counsel for the plaintiff does not admit that such motion was made, and both counsel admit that each argued the case in the Superior Court. Rule 31 of the Superior Court provides as follows: "When the appellant is in default according to these rules, he may be non-suited on motion, and when the appellee is in default, he will not be heard by the court except on the request of his adversary, and not then if his negligence has been gross." The record does not show that the Superior Court took any notice of the default of appellee's counsel. The Act of April 27, 1909, § 1, P. L. 263, provides: "In all cases, either in law or equity, wherein an appeal is taken from any judgment, decree or order to the Supreme or Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party, as part of the costs, such amount as shall have been expended for printing paper-books upon said appeal. The cost of printing the paper-book of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law." The record of above case in the Superior Court reads

Maiorana *v.* Sacchetti.

as follows: "The assignments of error are overruled and the judgment is affirmed." That is the entry that is to be made when the *remittitur* is received, and under above act plaintiff is entitled to recover the cost of printing his paper-book. Rules of court, unlike statutes, are under the control of the court that made them. It may suspend them in a particular case, and if there has been an abuse of discretion, that action can be reviewed by a higher court, but not by an inferior one. The prothonotary erred in penalizing plaintiff for a violation of the rules of the Superior Court by his counsel. The second objection is that the amount, $30, is too high: Upon the argument it was said that the paper-book of plaintiff only contained a few pages. We have referred to our files, and, including the cover, there are thirteen pages. Whether the charge of the printer is unreasonable depends upon matters of fact. In the first instance, the affidavit of the attorney of record, or the party to the bill as to items, is *prima facie* evidence of the accuracy of the bill: McWilliams *v.* Hopkins, 1 Wharton, 274. That case has been followed in a number of taxation of costs cases in this county. This book was printed in war-time, and printing rates were higher than usual. The charge for a book of above size was higher than for a very large book. However, if disputed, the proper cost of printing must be fixed by the prothonotary.

And now, June 5, 1922, the appeal of the plaintiff is sustained as to the defendant's liability for the cost of printing plaintiff's book, but the amount of same is referred to the prothonotary to be determined by him.

*From Henry D. Maxwell, Easton, Pa.*