## Lehr v. St. Paul's Evangelical Lutheran Congregation.

*Practice, C. P.—Statement of claim—Sufficiency of statement—Contract—Extra work—Waiver—Corporations—Officers—Act of May 14, 1915.*

1. In an action to recover for extra work done in the construction of a building, recovery may be had, although the written contract provided that there should be no alterations to the work without the written order of the owner.

2. In such a case, the statement of claim is sufficient, under the Act of May 14, 1915, P. L. 483, if it avers that the extra work, specifically setting forth the items, was done at the express request of the owner, that such items were not covered by the original contract, and that the prices charged therefor were the usual and regular prices.

3. It is not necessary that such statement should allege that the written contract was waived.

4. If the plaintiff relies upon a waiver of a written contract by the giving and taking of oral instructions, it is sufficient to plead the oral instructions, leaving the evidence thereof to be developed at the trial and the inferences to be drawn by the jury.

5. Where the defendant in such case is a corporation, the statement need not aver the name of the officer of the corporation who gave the oral instructions. It is sufficient to aver that the instructions were agreed to by the corporation.

Statutory demurrer to plaintiffs' statement of claim. C. P. Lehigh Co., Jan. T., 1923, No. 97.

*Dewalt & Heydt*, for plaintiffs; *Butz & Rupp*, for defendant.

RENO, P. J., March 3, 1924.—Plaintiffs seek to recover for extra work performed by them in and about the erection of a building for defendant corporation. The extra work, they allege, was performed in pursuance of oral instructions, but a written contract between the parties provided, "alterations or additions to or deviations or omissions from the work . . ." shall not be done "without a written order from the owner." The question of the sufficiency of plaintiffs' statement is raised by a statutory demurrer.

The plaintiffs allege concerning the extra work required for alterations: "Instead of the painting work being done according to the plans and specifications, the work was done by order of the defendant given orally as follows;" and here follows an itemized statement of the several particulars wherein there was a departure from the written specifications. Concerning the extra work required for additions, plaintiffs allege that "there was extra work done at the parsonage by the plaintiffs at the direction of the defendant, which was not included in the contract, as follows;" and here are stated in detail the several items of additional work. The statement also contains itemized statements of the kinds and quantities of materials used for the extra work and the hours and dates of the additional labor required thereby, together with averments that the prices charged therefor were the usual and regular prices.

It is, of course, possible to recover for extra work, even under a contract containing a stipulation like the above, for the provision may be waived by the parties: Cramp v. Central Realty Co., 268 Pa. 14. When recovery is sought for extras, it is necessary to aver either a "contract on the part of the defendant to pay for the extras in the line of work and materials" or else an averment "that the defendant requested the plaintiff to pay for extra work and materials," and, of course, an averment that the "so-called extras were not included in the contract," and that "the prices charged are reasonable and just or the usual and ordinary charges for such work and materials:" Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644. The instant statement does not allege a contract, but it does aver defendant's requests; it avers clearly that

Lehr *v.* St. Paul's Evangelical Lutheran Congregation.

the so-called extras were not included in the original written contract, and it sets forth that the prices are the usual prices. It follows that it is a sufficient statement.

True, it does not specifically allege that the written contract was waived. But unless such waiver is expressly made, it rests upon an inference, and an inference may not be pleaded. The pleader may not even plead the evidence by which his facts are to be proved: Practice Act of 1915, § 5. If he relies upon a waiver of a written contract by the giving and taking of oral instructions, it is sufficient that he plead the oral instructions, leaving the evidence thereof to be developed at the trial and the inference to be drawn by the jury. The answer to the contention that the statement does not contain the name of the officer of the defendant corporation who gave instructions is supplied by the Supreme Court in Cramp *v.* Central Realty Co., 268 Pa. 14, as follows: "The averment that the waiver was agreed to by defendant is likewise sufficient upon demurrer, and would be amply supported by proof to the effect that it was made by an officer of defendant or other person duly authorized to act."

The statutory demurrer challenges the sufficiency of the statement in other particulars, but the questions thereby raised are not discussed in the brief nor set forth in the statement of questions to be decided. Under our recently revised rules (Rule VI, section 3), this constitutes an abandonment of them.

Now, March 3, 1924, the statutory demurrer is overruled and defendant will file an affidavit of defence within fifteen days after service of a copy of this order upon its counsel.          From James L. Schaadt, Allentown, Pa.