## Schjerup *v.* Upper Merion Township School District, Appellant.

Argued December 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James Herbert Egan,* with him *George Wanger,* for appellant.

*Frederick B. Smillie,* of *Smillie & Bean,* for appellee.

OPINION BY RHODES, J., January 27, 1938:

Plaintiff's motion for judgment for want of a sufficient affidavit of defense was allowed by the court below, and judgment entered for plaintiff and against defendant. Defendant has appealed.

Plaintiff claimed from appellant school district the sum of $150 as a balance due her for salary as school teacher for the school year 1935-1936. Plaintiff was employed as an elementary school teacher under written contract dated April 11, 1933, for the term of ten months for an annual compensation of $1,000. The contract contained the statutory requirements as provided in section 1205, art. 12, of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, § 26 (24 PS § 1126). Plaintiff taught under the terms of this contract for the school years 1933-1934, 1934-1935, and 1935-1936. For the school year 1935-1936 plaintiff averred that she was entitled to a minimum annual salary of $1,000, plus two minimum annual increments totaling $200; that she was only paid by the appellant the sum of $1,050. Appellant filed an affidavit of defense raising questions of law,

in which it averred that plaintiff's statement was insufficient for the reason that: (a) Certain provisions of the Act of May 18, 1911, P. L. 309, as amended (24 PS § 1 et seq.), were superseded by the Act of April 25, 1933, P. L. 69 (24 PS § 1187 et seq.), for the school years 1933-1934 and 1934-1935; and (b) that plaintiff therefore had been paid in full for the school year 1935-1936. The court below decided the questions of law against appellant, and required it to file an affidavit of defense to the merits within fifteen days. Appellant filed an affidavit of defense, and plaintiff's motion for judgment for want of a sufficient affidavit of defense was allowed, and judgment entered against appellant. Appellant, as set forth in plaintiff's statement of claim, is a school district of the third class. Section 12 of the Act of May 14, 1915, P. L. 483 (Practice Act, 1915), as amended by the Act of May 3, 1917, P. L. 149, § 1, and the Act of March 10, 1921, P. L. 16, § 1 (12 PS § 411), provides that school districts shall not be required to file an affidavit of defense. As a consequence, the court below was without authority to enter judgment for want of an affidavit of defense, and it necessarily follows that judgment for want of a sufficient affidavit of defense could not be entered against appellant even if it filed an affidavit of defense. In *Commonwealth v. Milnor*, 23 Pa. Superior Ct. 1, at page 5, it was held: "Where no affidavit of defense is required, the filing of one whether good or not is immaterial: *Bartoe v. Guckert et al.*, 158 Pa. 124 [27 A. 845]." Judgment entered against appellant for want of sufficient affidavit of defense must be reversed. See *Commonwealth ex rel. French v. Foley*, 74 Pa. Superior Ct. 253; *Stern v. Lancaster et al.*, 79 Pa. Superior Ct. 27.

In *Bishop v. Bacon et al.*, 130 Pa. Superior Ct. 240, 196 A. 918, we have considered the Act of April 25, 1933, P. L. 69 (24 PS § 1187 et seq.), and its effect upon certain provisions of the Act of May 18, 1911, P.

252

L. 309, as amended (24 PS § 1 et seq.). The Act of 1933 necessarily had the same effect on clause 6, § 1210, art. 12, of the Act of May 18, 1911, P. L. 309, as amended (24 PS § 1169), as it had on clause 5 of the same section (24 PS § 1168), which was involved in the Bishop case.

Judgment is reversed, with a procedendo.