## St. Clairsville Borough School District v. Osterburg Independent School District

384

*Robert Madore,* for plaintiff.
*Reiley & Reiley,* for defendant.

WRIGHT, P. J., August 24, 1942.—During the school years of 1939-40 and 1940-41 the School District of St. Clairsville Borough admitted to its grade school three pupils who resided in the adjoining Osterburg Independent School District. This suit is brought to recover from the latter district the sum of $80.48, which is the admitted per capita cost of the tuition of these pupils. An affidavit of defense was filed and the matter is now before the court upon plaintiff's rule to show cause why judgment should not be entered on the pleadings.

Under ordinary circumstances school directors are not required to send children to the schools of an adjoining district even though the schools of the adjoining district may be more convenient of access: Freeman et al. v. The School Directors of Franklin Township, Washington County, 37 Pa. 385. However, in this case it is admitted, not only that the St. Clairsville School was more convenient of access, but also that the children concerned resided more than 1½ miles distant by public road from the Osterburg School. In such circumstances section 1404 of the School Code of May 18, 1911, P. L. 309, as amended, provides that, with the consent of the board of school directors thereof, such pupils may attend school in an adjoining district without the consent of the board of school di-

rectors of the district where such pupils reside, unless proper free transportation be furnished by the resident district.

The position of defendant district, as disclosed by the affidavit of defense, is that it was ready and willing to furnish proper free transportation to the said pupils and offered in writing to do so. The proposed arrangement was that the pupils were to walk 1½ miles to a point 441 feet from the school house in the defendant district, at which point proper shelter would be provided, and from which point the pupils were to be transported to the school house in the motor vehicle of one of the school teachers, which motor vehicle, if the proffered transportation had been accepted, would have been properly covered by public liability insurance.

Under certain conditions transportation of school children by private conveyance is proper: Commonwealth ex rel. v. Benton Township School Dist., 277 Pa. 13. Pupils may be required to walk a maximum of 1½ miles to meet the conveyance when proper shelters are maintained: Jones v. Boulter, 61 Pa. Superior Ct. 73. However, section 1408 of the School Code of May 18, 1911, P. L. 309, as amended, provides that all private conveyances employed in transporting school children shall be adequately covered by proper liability insurance in such amount as the board of school directors require. It is the contention of plaintiff district that the proffered transportation was not proper under the law because the private conveyance to be used was admittedly not covered by proper public liability insurance, the averment in the affidavit of defense being only that the conveyance would have been so covered; and that the affidavit of defense, therefore, does not aver a compliance with the law but only makes an assertion in the nature of a prediction or promise which might not have been performed, and which at best would not have been in

performance at the time the pupils first presented themselves for transportation.

This may be a somewhat technical proposition, but we feel inclined to agree with it under the circumstances. After all defendant school district was interpreting the law in a highly technical fashion. While it may be legally permissible for a resident district to require pupils to walk past a more convenient school in an adjoining district and thence along a dangerous highway to the last foot of the maximum 1½ miles distant, and from that point transport them a few feet to the school house, yet as a practical result the children probably would walk the additional distance and thus not be transported at all. We do not propose to sustain such a technical interpretation of the law unless every single requirement thereof, however technical, is in turn fully complied with.

One of our proud boasts as citizens of this great democracy is that we provide adequate free schooling for our boys and girls. Confronted with contrasting technicalities on either side of this case we feel that a superior equity lies with the school children who are innocent pawns in the dispute. The best and most convenient facilities of the public school system are none too good for our sturdy little rural citizens who sometimes have to walk such great distances in order to procure their education.

Under the provisions of section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended, school districts and other municipalities are not required to file affidavits of defense, and it has been held that judgment for want of a sufficient affidavit of defense cannot be entered against a school district: Schjerup v. Upper Merion Township School Dist., 130 Pa. Superior Ct. 249. However, the attorneys for defendant district did file a full and complete affidavit of defense for the purpose of placing their position before the court, and have agreed that we may decide this case

upon the pleadings. We compliment them for making that agreement. Otherwise, it would have been necessary to resort to the expensive procedure of a jury trial when there actually are no issues of fact to be determined. Hence the following

### Decree

Now, to wit, August 24, 1942, the rule for judgment on the pleadings is made absolute and the prothonotary is directed to enter judgment in favor of plaintiff and against defendant for the sum of $80.48, together with costs of suit.